BUTTS, Appellant, v. LONG et al., Respondents.

St. Louis Court of Appeals, April 12, 1904.

1. **SLANDER OF TITLE: Malice.** In an .action for slander of title to real estate, where the slander alleged 'consisted of the assertion of title on the part of defendants, plaintiff could not recover without showing defendants could not honestly have believed in the existence of. right on their part, or had no reasonable cause for such belief.

2. ———: **Proof of Title.** In order to recover for slander of title plaintiff must show title in himself..

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*C. W. Hamlin* and *John D. Porter* for appellant.

*J. P. Nixon* and *A. S. Cowden* for respondents.

This action belongs to a class 'sometimes denominated by law text-writers as "Slander of Title of Real Estate;" and in actions of this kind the legal right of plaintiff to recover involves his ability to demonstrate three propositions: First: The words spoken must be false. Second. The words must be maliciously published. Third. They must result in pecuniary loss or injury to the plaintiff. Butts v. Long, 94 Mo. App. 691.

STATEMENT.

This action belongs to a class of actions scant of number in this country, denominated slander of title to realty, and arose from facts thus depicted by the testimony. In July, 1882, defendants, with a third party,

Murrell by name, were owners in common of land in the city of Fair Grove, Greene county, Missouri, with two store buildings erected on the northern portion of the tract fronting eastwardly, which were occupied by defendants in their general merchandise business.    About this time negotiations terminated in the sale to A. J. Brooks by warranty deed dated July 18, 1882, of that part of the tract unimproved and south of the store buildings; the weight of the evidence established that the intention of the parties to this conveyance was to locate the north boundary line of the lot conveyed south of and extending westwardly two or three feet from the store buildings; and the land had been surveyed and marked out, fixing the south boundary line of defendants' land for such purpose.    The grantee moved a building onto the lot south of defendants' buildings, took possession of it for a drugstore, and claimed ownership to such intended intervening line.    Prior to the sale to Jones mentioned, a survey preliminary to establishment of a village school, developed that an inaccuracy had been made in the point of beginning in deed to Brooks, the initial point being sixteen feet too far northward, so that erroneously the north boundary line of the tract conveyed by such description was thrown that distance too far to the north and actually under the storehouses of defendants.    Brooks remained in possession, claiming only to the division line between his drugstore and defendants' store buildings, until 1887, and in February, 1900, plaintiff received a deed from S. H. Bass and wife, wherein the description of the land conveyed was borrowed from the deed from defendants and Murrell to Brooks, and thereunder plaintiff went into possession of the drugstore till its sale by him to Jones in October, 1900, described in the petition herein.

The evidence further disclosed that defendants, from time of sale to Brooks until the sale by plaintiff to Jones, remained in undisturbed, continuous and ad-

verse possession, and prior to this action no claim had ever been advanced that the north boundary line to the property involved was other than that recognized by defendants and their grantee, Brooks.

This action was tried before a jury upon an amended petition, which was adjudged a sufficient statement of cause of action by this court (94 Mo. App. 687), the defendants interposing in their defense a general denial and an affirmative plea of possession, as well as legal and equitable ownership of the northern sixteen feet of the lot described in plaintiff's petition, and a verdict for plaintiff for three hundred dollars was returned, which the court, sustaining defendants' motion for new trial, set aside and plaintiff has again appealed.

REYBURN, J. (after stating the facts).—As announced by this court upon the first appearance of this case, three elements must coexist to maintain such action, namely; the words spoken must be false, they must be maliciously published or uttered, and they must result in pecuniary loss or injury to the plaintiff. A careful scrutiny evinces the absence of these essential prerequisites to recovery in the testimony introduced by plaintiff. The law has been laid down by an eminent authority, on this subject, that it is not actionable for any man to assert his own rights at any time, and though defendant may fail to prove such right if at the time he spoke, he supposed in good faith that he had such right, no liability is imposed; that it is not sufficient for a plaintiff to prove in such action absence of right in defendant, he must also offer evidence of express malice, and that defendant could not honestly have believed in existence of right on his part, or had no reasonable cause for such belief, and even then the jury are not bound to find malice, for a defendant, though acting stupidly, may have been prompted by innocent motive. Odgers, Libel and Slander, sec. 142, p. 109 (Eng. Ed. 1887). The claim of title made by John Long, was made when

defendants were justified in belief and claim of owner-
ship being circulated after long, adverse, uninterrupted
possession by defendant, and its publication was devoid
of malice, and in accord with good faith and honesty of
purpose on their part. The evidence is also fatally de-
fective in failing to exhibit title in plaintiff; for so far
as disclosed, the links in the chain of title connecting
Bass, plaintiff's grantor, with Brooks, defendants'
grantee, are missing. Under the evidence reproduced
in the record here, it was not only the clear duty of the
trial court to sustain defendants' motion for new trial,
but the instruction requested on behalf of defendants,
at close of plaintiff's testimony, that the evidence was
not sufficient to authorize a recovery against defendants
was justified and might properly have been given.

Judgment affirmed. *Bland, P. J.*, and *Goode, J.*,
concur, the former because he does not think the petition
stated any cause of action.