BRANDOM et al. v. McCAUSLAND et al.

(Circuit Court of Appeals, Eighth Circuit.   June 3, 1909.)

No. 2,923.

1. FRAUD (§ 58*)—ACTION FOR DECEIT—BURDEN AND SUFFICIENCY OF PROOF.
    A plaintiff, who seeks to recover damages for deceit, has the burden of proving by a preponderance of the evidence, not only the false representations, but the amount of damages which he suffered thereby.
    [Ed. Note.—For other cases, see Fraud, Dec. Dig. § 58.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. FRAUD (§ 49*)—ACTIONS—VARIANCE.

An action for deceit, based on allegations that defendants gave plaintiffs a mortgage on property which they represented to be free of incumbrance, whereas it was in fact either not in existence or incumbered for more than its value, is not supported by evidence showing that the defendants sold the property and diverted the proceeds to other uses.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 49.*]

In Error to the Circuit Court of the United States for the Western District of Missouri.

Defendants in error were the plaintiffs below. Their complaint sets up a cause of action for deceit. It alleges that defendants executed a mortgage to them, purporting to cover 220 head of cattle, and containing a warranty that the cattle were free and clear from all other incumbrances. It is further alleged that defendants expressly represented that the cattle were in existence, and were free from all other liens. The fact is charged to be that the cattle either were never in existence at all, or were covered by other prior liens for more than their value. It is further alleged that plaintiffs, in reliance upon these representations, and without knowledge of their falsity, loaned to defendants the sum of $9,420, of which amount they lost $5,671.11, for which sum they claim damages.

On the trial, in support of this complaint, one of the plaintiffs testified that at about the time the mortgage matured he inquired of one of the defendants about the cattle, and was told by him that defendants never owned the cattle at any time. This evidence was squarely denied by the defendants, and evidence adduced showing beyond any doubt that they did own cattle corresponding to those mentioned in the mortgage, which were pastured during the summer, and prepared for market upon the farm where it was stated in the mortgage they were located, and that in the fall they were shipped to market, sold, and the proceeds paid to other creditors.

No evidence sufficient to support a verdict was offered by the plaintiffs as to the value of the cattle. The only testimony on that subject was vague and to the effect that the cattle were hardly worth as much as the mortgage indebtedness. It also appeared from the evidence that nearly all the consideration for the note secured by the mortgage was an antecedent debt, and no evidence was adduced by the plaintiffs showing what in fact was parted with in reliance upon the alleged false representations. At the conclusion of the testimony defendants moved for a directed verdict, which motion was denied, and the case submitted to the jury, resulting in a verdict and judgment in plaintiffs' favor.

Bruce Barnett and Ralph F. Lozier, for plaintiffs in error.

Denton Dunn (Henry D. Ashley and William S. Gilbert, on the brief), for defendants in error.

Before ADAMS, Circuit Judge, and RINER and AMIDON, District Judges.

AMIDON, District Judge (after stating the facts as above). Few things are more elementary in the law than that a plaintiff who seeks to recover damages for deceit has the burden of proving by a preponderance of the evidence not only the false representations, but the amount of damages which he suffered thereby. Ming v. Woolfolk, 116 U. S. 599, 602, 6 Sup. Ct. 489, 29 L. Ed. 740; Stratton's Independence v. Dines, 135 Fed. 449, 68 C. C. A. 161. This the plaintiffs in the present case wholly failed to do. They neither showed the value of the cattle upon which they thought they were obtaining a first mortgage, the amount of prior mortgages, nor the value of the con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sideration with which they parted. The debt being an old one, and, so far as the evidence discloses, being unsecured, the mortgage set up in the complaint, even if it was on fictitious property, left the plaintiffs in no worse plight than they were at the time it was given. It is not even alleged in the complaint that they might have made their debt had it not been for this renewal; but, if such a claim had been put forward, it would not support an action for deceit. Bradley v. Fuller, 118 Mass. 239; Austin v. Barrows, 41 Conn. 287. Because the plaintiffs failed to show that they were damaged in fact, or the amount of their damages, the defendants' motion at the close of the testimony for a directed verdict should have been granted.

Again, the court in its charge used the following language:

"If you find that the property was in existence, and not covered by other mortgages, and the defendant allowed the proceeds to be diverted to other channels, then that would be a fraud upon the plaintiffs, and they would be entitled to recover."

The defendants excepted to this portion of the charge. It was a clear departure from anything contained in the complaint, and therefore was an improper ground of recovery to submit to the jury.

The plaintiffs in this case sought to make out a cause of action for deceit for the purpose of saving their claim from being barred by proceedings in bankruptcy. In the pursuit of this theory they wholly disregarded the facts. The result is that their judgment is void, and must be set aside, and a new trial granted.