AMANDA A. METCALF and OSCAR B. ELAM, Appellants, v. AMERICAN SURETY COMPANY OF NEW YORK, HUNT C. MOORE, Administrator *de bonis non* of the Estate of NELL M. BEECHING, Deceased, PERRIN D. MCELROY, Administrator of the Estate of E. GRANT METCALF, Deceased, TOM H. KELLY and ELMER L. PARKER, Respondents, No. 41717—232 S. W. (2d) 526.

Division One, July 10, 1950.

Rehearing Denied, September 11, 1950.

1044

*Oscar B. Elam* and *Amanda A. Metcalf* pro sese.

*George T. Aughinbaugh, Hunt C. Moore, Hale Houts* and *Hogsett, Trippe, Depping, Houts & James* for respondents American Surety Company of New York, Hunt C. Moore, Administrator de bonis non of the Estate of Nell M. Beeching, Deceased, and Perrin D. McElroy, Administrator of the Estate of E. Grant Metcalf, Deceased.

*Arthur N. Adams* and *Arthur N. Adams, Jr.,* for respondent Elmer L. Parker.

VAN OSDOL, C.—The trial court rendered judgment of dismissal of plaintiffs' petition, denominated "Slander of Title," in which petition plaintiffs had sought to recover $12,000 damages; and prayed for the further relief of divesting of title to described real estate out of defendants and the vesting thereof in plaintiffs. Plaintiffs have appealed.

*Res judicata* is the decisive issue for review.

The petition in the instant action alleged that plaintiff Amanda A. Metcalf was the owner of described property, realty and personalty; that July 30, 1940, Amanda A. Metcalf entered into trust agreement with, and conveyed the real estate by warranty deed to Hattie B. Kelly, who as grantee had no power to convey the property during the two-year period of the trust agreement; that plaintiff Amanda A. Metcalf performed her obligations under the agreement; that Nell M. Beeching, now deceased, in violation of the trust agreement and with notice of the rights of plaintiff Amanda A. Metcalf, had procured a deed from Hattie B. Kelly with the willful and wanton purpose and intent of defrauding plaintiff Amanda A. Metcalf; that Hattie B. Kelly died during the two-year period of the trust agreement; that Nell M. Beeching, with the intent to defraud plaintiff Amanda A. Metcalf, set up a claim of ownership and obtained possession and control of the property to the damage of plaintiff; and that Nell M. Beeching, in furtherance of her wrong, had conveyed the described real property to defendant Elmer L. Parker.

(By the trust agreement, Hattie B. Kelly agreed to pay delinquencies owing by plaintiff Amanda A. Metcalf upon a debt secured by deed of trust on the described property; and to hold, manage and control the property and keep it in repair for a period of two years.

The title to the property was to be reconveyed to plaintiff Amanda A. Metcalf upon her repayment of the amounts which Hattie B. Kelly should "pay out on account of said property," but, if Amanda A. Metcalf should be unable to repay, "then and in that event, this contract shall be null and void and said property shall become the absolute property" of Hattie B. Kelly.)

Plaintiffs joined E. Grant Metcalf, administrator of the estate of Nell M. Beeching, deceased; and the administrator's surety, American Surety Company of New York, as parties defendant. E. Grant Metcalf, personally, and Tom H. Kelly, alleged to be the sole heirs-at-law of Hattie B. Kelly and Nell M. Beeching, now deceased, were also made parties defendant. (E. Grant Metcalf has died during the pendency of this appeal, and the administrator of the estate of E. Grant Metcalf, and the administrator de bonis non of the estate of Nell M. Beeching have been respectively substituted for defendant E. Grant Metcalf, personally and as administrator.)

In the trial court, defendant E. Grant Metcalf, personally and as administrator, and defendant Surety Company filed motions to dis-miss plaintiffs' petition on the stated grounds (1) the petition fails to state a claim upon which relief can be granted, and (2) the "matters, facts and issues attempted to be alleged by Plaintiffs were decided adversely to Plaintiffs" in a former action, and are there-fore res judicata. The defendant Parker by answer admitted the conveyances of the described real estate from Amanda A. Metcalf to Nell M. Beeching, and from Nell M. Beeching to himself, Elmer L. Parker; admitted and denied various other allegations of the petition; and further alleged by an additional pleading, denominated "Cross-Petition," the judgment in the former action; and prayed that the plaintiffs' case be dismissed.

Plaintiffs filed a reply to the several pleadings of defendants by which reply ▮▮▮ plaintiffs denied each and every allegation of the answer and motions; and further alleged that the judgment rendered in the former action was void and subject to collateral attack because the pleadings in the former action conclusively show the court did not have the authority to afford relief granted.

The cause came up in the assignment division of the Jackson County Circuit Court upon the pleadings including plaintiffs' petition, the several motions to dismiss plaintiffs' petition, the separate answer of defendant Parker, and the reply filed by plaintiffs. The petition, the answer and the reply filed, and the judgment rendered in the former action were introduced into evidence. The court sustained the several motions to dismiss plaintiffs' petition; and entered a judgment of dismissal, from which judgment of dismissal plaintiffs have perfected their appeal, as stated supra.

In the former action, Amanda A. Metcalf was plaintiff; and Nell M. Beeching, and others, were defendants.

1048

Plaintiff Amanda A. Metcalf, by her petition filed in the former action, pleaded the trust agreement, and the warranty deed from plaintiff to Hattie B. Kelly; and alleged a relation of trust and confidence existed between plaintiff and Hattie B. Kelly and defendant Nell M. Beeching. Plaintiff further alleged that Hattie B. Kelly had entered into the trust agreement with the secret purpose and intent of substituting defendant Nell M. Beeching as trustee under the agreement; that the defendants, including the defendant Nell M. Beeching, pursuant to a "scheme and conspiracy" among them, caused Hattie B. Kelly to enter into said agreement in bad faith, and with the secret purpose of permitting defendants to control and operate the property; that the said Hattie B. Kelly did secretly execute a deed which was filed of record after her death, naming Nell M. Beeching as grantee; that the contract was entered into, "in furtherance of said scheme and conspiracy," to deceive plaintiff and to acquire the property; that the transfer of said property to defendant Nell M. Beeching was concealed from the plaintiff and the conveyance was withheld from recordation; that because of these wrongs plaintiff has been deprived of the income, use, management and control of her property; that defendant Nell M. Beeching has furthered claims for fictitious amounts against plaintiff and her property; and that plaintiff's title to the property has had a cloud cast upon it by reason of the false and malicious claims of the defendants. Plaintiff prayed for a judgment against defendants for actual damages in the sum of $10,500 and for punitive damages, $10,500; and for a judgment "that no defendant has any right, title, interest or estate in said real estate . . . and that defendants forthwith quit and surrender up to plaintiff possession" of the property.

Defendant Nell M. Beeching filed answer admitting the deed by plaintiff to Hattie B. Kelly and the trust agreement entered into by them, and alleged that, prior to her death, Hattie B. Kelly had conveyed the property to defendant Nell M. Beeching. All other allegations of the petition were denied. Defendant Nell M. Beeching further alleged that, in compliance with the trust agreement, Hattie B. Kelly had received and expended monies as set forth in an itemized account; that Nell M. Beeching had succeeded to all of the right, title and estate of Hattie B. Kelly and she, Nell M. Beeching, was entitled to a decree that she was the fee simple owner of the property or, in the alternative, she should be entitled to have the amount of money paid to her which had been expended by Hattie B. Kelly under the trust agreement, upon the conveyance of the property by her, Nell M. Beeching, to plaintiff. Defendant Nell M. Beeching prayed the court to try, ascertain and determine the title to the property, and for a decree determining her to be the sole owner.

Plaintiff, Amanda A. Metcalf, filed reply alleging that defendant Nell M. Beeching had no capacity to sue for affirmative relief because

in her answer she had stated no facts justifying her allegation that she was the successor to the interests of Hattie B. Kelly. The plaintiff expressly withdrew from the court's consideration the issue of damages suffered as a result of the recordation of the deed of Hattie B. Kelly to defendant Nell M. Beeching. Plaintiff further expressly withdrew the allegation of her petition relating to certain alleged fictitious items in the itemized account stated in the answer. The reply further alleged that the several answers of defendants are "sham answers and made in bad faith . . '. in aid of and under and in pursuance of the said scheme and conspiracy alleged in the petition"; and that the tender of the reconveyance of the property by defendant Nell M. Beeching was in bad faith and with knowledge that defendants did not have the property in their possession, or any substantial part thereof, and have sold or converted the same to their own use. And the reply concluded with a prayer that the court determine the right, title, interest and estate of plaintiff and the several defendants, and for damages, $10,500 actual and $10,500 punitive, and costs.

Evidence having been heard in the trial of the former action and the cause having been submitted on the pleadings and the evidence, the court found the issues in favor of defendants and against plaintiff. The court determined and adjudged the title to the real property to be in Nell M. Beeching in fee simple (subject to a certain lien); and ordered that plaintiff and all persons claiming by, through or under her were "forever barred and precluded" from thereafter setting up any title or claim to the property. It must be clear the decisive question in this case is *res judicata*, as stated supra.

 *Title,* an issue, supporting and ultimate, in the instant action, has been heretofore determined to be in Nell M. Beeching. It is contended by plaintiffs-appellants that because Hattie B. Kelly was a trustee she could not convey title to another before the end of the term of the trust agreement. And plaintiffs-appellants further contend that no facts were stated in the answer of Nell M. Beeching which would entitle her to be adjudged owner of the real property; that the trial court's relief was not authorized by the pleadings of the former action, and, consequently, the judgment entered in the former action was not *res judicata* of issues of the instant action. Plaintiffs-appellants further contend that they are unconstitutionally deprived of due process of law, because the trial court ignored the allegations of the answer of Nell M. Beeching filed in the former action, which allegations, it is said, show conclusively the answer was a "sham pleading and, hence, no pleading at all, and that the judgment in that case awarding her title to the property was void and subject to collateral attack." It is argued that Hattie B. Kelly was a trustee and the conveyance of the described real property to Nell M. Beeching was a breach of the trust agreement, and

that plaintiff Amanda A. Metcalf, beneficiary in the trust agreement, may have a cause of action against a purchaser or other third party for participating in a breach of trust in connection with the sale of the trust property. Bogert, Trusts and Trustees, Vol. 3, Part 2, § 747, p. 604, at page 606. It is also urged that, since the answer of Nell M. Beeching to the petition in the former action admitted the conveyance by Hattie B. Kelly to Nell M. Beeching as grantee and denied "all other allegations" of the petition, Nell M. Beeching denied the allegation of the petition that she was making a claim of title to the property (Gilchrist v. Bryant, 213 Mo. 442, 111 S. W. 1128); in making this contention plaintiffs-appellants have failed to ask our consideration of the answer of Nell M. Beeching asserting, in the alternative, her claim of title.

All of these contentions, in our opinion, go to defects in the pleadings, and to the merits of the former action; and we will not review the former litigation to ascertain if the trial court's judgment in that action, under the pleadings and the evidence, was erroneous. A void judgment is a nullity, without any force and effect whatever, and is not res judicata; however, nothing is better settled than the principle that an erroneous judgment has the same effect as to res judicata as a correct one. It has been held "that when a court has jurisdiction, it has jurisdiction to commit error." State ex rel. McGrew Coal Co. v. Ragland, 339 Mo. 452, 97 S. W. 2d 113; McIntosh v. Wiggins, 356 Mo. 926, 204 S. W. 2d 770, and cases therein cited; 30 Am. Jur., Judgments, § 198, p. 939; 50 C. J. S., Judgments, § 618, pp. 40-42. If it was to be asserted that the judgment rendered in the former action was erroneous, the plaintiffs' remedy was by appeal and not by attacking the judgment as void in another proceeding. McIntosh v. Wiggins, supra.

██ It was permissible for the trial court to hear and decide the issues of the defense of res judicata upon the motions to dismiss. Upon such issues the motions performed the office of "speaking" demurrers. The practice comes to us with the Civil Code of Missouri, Laws of Missouri 1943, p. 353 et seq., especially Section 61, at pages 374-375, Mo. R. S. A. 1939, § 847.61. This procedural improvement is an aid to prompt and efficient administration of justice, and effects an avoidance of expense; making it possible to decide at once an issue that would dispose of an action groundless on the uncontroverted facts. Hamilton v. Linn, 355 Mo. 1178, 200 S. W. 2d 69; Halloran v. Hackmann, Mo. Sup., 160 S. W. 2d 769. The defendant Parker had pleaded res judicata in his answer, although he might have raised the defense by motion, a motion to dismiss. The practice of raising the defense by motion to dismiss is permissive and not mandatory, and such defense may be raised for the first time in an answer. Hamilton v. Linn, supra. Defendant Parker filed no denominated "motion to dismiss"; yet his so-called "Cross-Petition"

stated the defense of *res judicata* (which was also stated by the movants-defendants as a ground for their motions to dismiss), and prayed that plaintiffs' case be dismissed. The trial court heard the evidence and decided the issues of the defense of *res judicata* under the pleadings—the petition, the motions to dismiss, the answer of defendant Parker, and the reply—and sustained the several motions to dismiss; and entered a final judgment of dismissal of plaintiffs' petition. We see no error in such procedure where, as in our case, the clearly revealed reason for the dismissal of plaintiffs' case as against the answering defendant was the stated defense, *res judicata*. See again and compare Hamilton v. Linn, supra.

▋ The former action was instituted by Amanda A. Metcalf as plaintiff, and the instant action was instituted by her and by Oscar B. Elam as plaintiffs. In the petition filed in the instant action it was stated that Oscar B. Elam has an equal interest with plaintiff Amanda A. Metcalf in the action. Such interest of plaintiff Elam is concededly derived from a contract entered into with plaintiff Amanda A. Metcalf, by which contract Elam was to receive for his service as attorney an equal share with plaintiff Amanda A. Metcalf of such proceeds as might be realized by her in the former litigation of her claims. The defendants in the instant case derive the protection of the former judgment by virtue of their privity to or representation of Nell M. Beeching, defendant in the former action. 30 Am. Jur., Judgments, § 225, pp. 957-959.

▋ The underlying issues of the instant and former actions were the same in tending to support a claim for fraud and deceit and a breach of the trust agreement, and a claim for title. It would seem the two actions are based on the violations of identical rights, although in the former action a conspiracy was alleged, the gravamen of which was fraud and deceit. Definitely the claims stated in the two actions arise out of the same subject matter. The court necessarily decided adversely to plaintiff Amanda A. Metcalf upon the issues of fraud and deceit, taking into account the trust agreement (which was set out verbatim in the petition filed in the former action) in rendering a judgment for defendants upon plaintiff's claim for damages in the former action. (Plaintiff Amanda A. Metcalf in her reply filed in the former action did expressly withdraw from the court's consideration the issue of damages for the recordation of the deed, Hattie B. Kelly, grantor; and did expressly withdraw the issue of certain alleged fictitious items of the itemized account stated by Nell M. Beeching in the answer; but in her reply plaintiff continued to assert her claim in ▋▋▋ damages for the "scheme and conspiracy" alleged in her petition.)

In the former action, a finding adverse to plaintiff Amanda A. Metcalf on the issues supporting her claim for damages was also essential to the trial court's decree adjudging title to be in Nell M.

Beeching. *Title,* in the sense of some interest or estate in the property, is essential to an action for "slander of title" which plaintiffs have denominated their petition in the instant action. Butts v. Long, 106 Mo. App. 313, 80 S. W. 312; 53 C. J. S., Libel and Slander, § 272, p. 393. Regardless of the form of the action and the nature of the alleged claims, whether in fraud and deceit or slander of title, we have seen the trial court, upon the pleadings and the evidence, in the former action decided the decisive supporting and ultimate issues adversely to plaintiff, and determined the title to be in Nell M. Beeching, admittedly the grantor of the subsequent conveyance to defendant Parker. Constitutional guarantees of due process involve no right to litigate the same question twice. Baldwin v. Iowa State Traveling Men's Ass'n., 283 U. S. 522, 51 S. Ct. 517. The trial court in the former action had the power to determine the issues, and the jurisdiction of the subject matter and of the parties; and it would seem that the judgment in the former action is an adjudication barring plaintiffs' claims as stated in the instant action. In re Thomasson's Estate, 355 Mo. 274, 196 S. W. 2d 155.; Boatmen's Nat. Bank of St. Louis v. Bolles, 356 Mo. 489, 202 S. W. 2d 53; McIntosh v. Wiggins, supra.

The judgment should be affirmed.

It is so ordered. *Lozier* and *Aschemeyer, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.