262 S.W.2d 861 (1953)
LAMMERS
v.
GREULICH et al.
No. 43749.
Supreme Court of Missouri. Division No. 2.
December 14, 1953.
*862 Edward L. Eyerman, Roberts P. Elam and Robert N. Jones, St. Louis, for appellant.
Henry Ebenhoh and Walter S. Berkman, St. Louis, for respondents.
BOHLING, Commissioner.
Albert W. Lammers sued John C. Greulich and John C. Greulich Realty & Investment Company, a corporation, for $1,632 actual and $10,000 punitive damages for fraud arising out of his listing *863 with and sale by defendant Realty company of a 4-family flat in the City of St. Louis, the property of plaintiff. The court sustained defendants' motion for a directed verdict at the close of plaintiff's case because plaintiff failed to prove his pleaded claim and because plaintiff failed to establish damages. Plaintiff appealed.
Plaintiff's case is based upon plaintiff's testimony, which is confusing in a number of details. It is substantially to the following effect as outlined in plaintiff's brief.
The first week of April, 1947, plaintiff went to the Realty company's office and engaged defendants to sell his 4-family flat for $8,000 and a 5% commission to the Realty company.
Soon thereafter, defendant Greulich informed plaintiff an offer of $7,000 for the property had been received; that real estate prices had taken a drop of 10% and would drop another 10 to 20%; that if plaintiff wanted to sell for $7,000, the real estate sales commission would be cut to $150. Relying upon defendants' representations, plaintiff agreed to sell for $7,000 and he and his wife executed the sale contract. On direct examination plaintiff testified this was on April 14, 1947; and that the sale contract was not signed by anyone else and the buyer's name was not on it. On cross-examination plaintiff admitted the sale contract was signed on April 5, 1947; that said date appeared above his signature and the signature of John C. Greulich, Jr., the purchaser, but that the name of John C. Greulich, Jr., was not on the sale contract when he signed it. He testified that he asked defendants for a copy of the sale contract, but never received one, and that he asked several times who was purchasing the real estate, but Mr. Greulich never did tell him.
Plaintiff testified that the title papers to the property had been lost and this delayed the closing of the sale. After telephoning plaintiff, defendant Greulich came to his home on April 19, 1947, where plaintiff executed a warranty deed to the real estate and they then drove to the McMillan hospital, plaintiff's wife being ill, and obtained her signature to the deed. Plaintiff and Mr. Greulich went to the Realty company's office, where the deed was delivered and plaintiff received a check for $6,768.05, the adjusted amount of the purchase price, drawn by defendant Realty company, and a sale closing statement. The closing statement disclosed, for the first time, that the buyer was John C. Greulich, Jr.
On cross-examination plaintiff testified that when he and his wife signed the deed neither his name, nor his wife's name, nor the name of John C. Greulich, Jr., appeared in the body of the deed; that a duplicate copy of the sale closing statement on which his signature appeared had been signed by him in blank, and that after he signed it Mr. Greulich had his secretary fill in the blanks on the typewriter.
Plaintiff testified that John C. Greulich, Jr., is the son of defendant John C. Greulich; that he had a desk in defendant Realty company's office and was "connected" with it, because he came to plaintiff's home to see plaintiff's sister, who lived with him, about a house she owned.
Plaintiff protested the making of the sale to a son of John C. Greulich and asked that the sale be set aside. John C. Greulich refused to do this.
Plaintiff in the "Statement" in his brief mentions the reasons given by the court for sustaining defendants' motion for a directed verdict, one of which he states was that plaintiff failed to show damages. Plaintiff, however, makes no point in his "Points and Authorities" that this ruling of the trial court was erroneous or that he proved he sustained a loss or damage by reason of defendants' acts.
The burden of proof rested upon plaintiff, who assailed the transaction for fraud. Bank of Brimson v. Graham, 335 Mo. 1196, 76 S.W.2d 376, 383[11], 96 A.L.R. 399; Maupin v. Provident Life & Accident Ins. Co., Mo.App., 75 S.W.2d 593, 596[3].
*864 Briefly stated, the elements of actionable fraud are a representation, its falsity, scienter, deception, and injury. A failure to establish any one of the essential actionable elements of fraud is fatal to a recovery of damages. Dillon v. Hill, Mo., 178 S.W. 85, 86[1]; Powers v. Shore, Mo., 248 S.W.2d 1, 5[2].
It is stated in 23 Am.Jur. 987, § 173: "In contradistinction with trespass and other direct injuries for which the complainant is awarded nominal damages if he should fail to plead and prove actual damage, deceit belongs to that class of tort of which pecuniary loss constitutes a part of the cause of action." 37 C.J.S., Fraud, § 40, page 288; § 41, note 16; § 103.
In Brandom v. McCausland, 8 Cir., 171 F. 402, 404, an action for damages for deceit, the court said: "Because the plaintiffs failed to show that they were damaged in fact, or the amount of their damages, the defendants' motion at the close of the testimony for a directed verdict should have been granted."
In Dolan v. Rabenberg, 360 Mo. 858, 231 S.W.2d 150, 155[4], we said: "Proof of substantial injury and damage is essential to recovery in an action for fraud and deceit." See authorities there cited; and, among others, Saunders v. Bannister, Mo., 235 S.W.2d 339, 341[2]; McCaw v. O'Malley, 298 Mo. 401, 249 S.W. 41, 44[2]; Stacey v. Robinson, 184 Mo.App. 54, 64, 168 S.W. 261, 264.
The "Statement" in plaintiff's brief mentions a portion of defendants' answer as, we understand, an admission the property was resold at a profit. Plaintiff charged in his petition that defendants resold the real estate within about six weeks at a profit, and that he sustained actual damages. After specifically denying said charges defendants, for further answer, alleged that plaintiff knew prior to the sale that John C. Greulich, Jr., was to be the purchaser; that Greulich, Jr., sold the real estate, and that the resale "did not result in a profit" to John C. Greulich, Jr. Reading the whole of defendants' answer on the subject matter, we think defendants were not admitting that the property was resold at a profit.
In Scott v. Missouri Pac. R. Co., 333 Mo. 374, 62 S.W.2d 834, 840[18], we held that a point not made in the "points and authorities" will not be noticed when presented in the printed argument, but will be treated as abandoned because not properly presented for review under our rules. In Bank of Brimson v. Graham, 335 Mo. 1196, 76 S.W.2d 376, 379[2], 96 A.L.R. 399, we held that assignments of error "not included in appellant's specification of points relied on" are also to be treated as abandoned. By like reasoning this should apply to matters appearing in an appellant's "Statement" in his brief; and unless the subject matter is developed in the "Points and Authorities," it is not to be noticed on appeal because not properly presented for review under our Rules 1.08(a) and 1.15. Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 245 S.W.2d 96, 102[11]; Wipfler v. Basler, Mo., 250 S.W.2d 982, 987[4,5,9].
No portion of defendants' answer was offered in evidence. The majority rule is that "admissions in pleadings cannot be regarded as evidence unless the pleadings are introduced on the trial at the proper time and in the proper way." 31 C.J.S., Evidence, § 372, note 15, page 1156; 20 Am.Jur. 534, § 631; Annotations, 14 A.L.R. loc. cit. 89; 90 A.L.R. loc. cit. 1411.
The pleadings are for the court and not for the jury. Ordinarily, they are not to be read to the jury. Van Campen v. St. Louis-San Francisco R. Co., 358 Mo. 655, 216 S.W.2d 443, 445[2]; Brunk v. Hamilton-Brown Shoe Co., 334 Mo. 517, 66 S.W.2d 903, 907[9]; Kirkpatrick v. Wells, Mo., 51 S.W.2d 36, 38[1]; Blackmore v. Missouri Pac. R. Co., 162 Mo. 455, 463, 62 S.W. 993, 995; Van Orman v. J. C. Penney Co., Mo.App., 60 S.W.2d 409, 412[2]; Johnston v. City of St. Louis, Mo.App., 138 S.W.2d 666, 669[1]; Consult Harlan v. Wabash R. Co., 335 Mo. 414, 73 S.W.2d 749, 758.
*865 In Bailey v. St. Louis & S. F. R. Co., Mo.App., 290 S.W. 630, 633 [8,9], the reading of plaintiff's petition in connection with plaintiff's opening statement was considered not to place it before the jury, but was to advise the court of its contents; stating: "It is true that pleadings, except when offered by the opposite side as admissions, are not for the consideration of the jury." See also Blackmore v. Missouri Pac. R. Co., supra.
The Missouri cases are in accord that abandoned pleadings are to be offered in evidence to be considered as such. Briscoe v. Metropolitan St. R. Co., 222 Mo. 104, 113(1), 120 S.W. 1162, 1164; Wahl v. Cunningham, 332 Mo. 21, 39[13-15], 56 S.W.2d 1052, 1059[14-17].
In Hildreth v. Hudloe, Mo.App., 282 S.W. 747, 748[2-4], the plaintiff offered so much of the defendants' pleading, and an exhibit attached thereto, as constituted an admission against interest. The discussion contains statements arguendo that it is not "necessary or proper" to offer in evidence the pleadings on which the case is being tried; and that abandoned pleadings are offered because they "are not then before the court." These statements arguendo are not in harmony with the cases cited supra, including Wahl v. Cuningham, in which the abandoned pleadings were considered to remain a part of the files of record in the case, and: "In a case on trial in any court its records are actually or constructively before the judge", [332 Mo. 21, 56 S.W.2d 1060] who may determine their identity and genuineness on his own inspection.
Statements in pleadings when offered in evidence should be subject to the rules of evidence. The rule that a party is not required to prove allegations which his adversary admits to be true, notwithstanding the pleading is not introduced in evidence, is considered to be a rule of pleading and not a rule of evidence. 20 Am.Jur. 534, § 631. Consult Anderson v. Mc-Pike, 86 Mo. 293, 301(V). In Missouri the issues are framed and given to the jury in the form of instructions by the court. The issues are not determined by the jury from the pleadings.
Plaintiff has not established that the court erred in ruling he failed to show damages.
Defendants filed a motion, couched in general terms, to dismiss plaintiff's appeal on the ground that plaintiff's brief violated Supreme Court Rule 1.08(a)(3), requiring briefs of appellants to contain a fair and concise statement of the points relied on, which shall specify the allegations of error.
Among the points made in plaintiff-appellant's brief, with authorities cited, are: That the law prohibits a real estate broker making a secret sale to a near relative of the property listed with him for sale, and that plaintiff's petition should be treated as amended to conform to the evidence. Defendants-respondents in respect thereto contend plaintiff's petition did not ask a recovery on the ground of a sale to a near relative (not disputed by plaintiff-appellant); that all evidence adduced was relevant to plaintiff's pleaded claim and admissible; that plaintiff did not offer evidence to establish an issue "not raised by the pleadings," and it may not be said defendants-respondents tried an unpleaded issue by express or implied consent; that plaintiff failed to properly request of record that his petition be considered as amended; and that plaintiff's petition should not be considered as amended after the close of the case because the amended claim as of the date of the attempted amendment was barred by the statute of limitations, § 516.120, and would prejudice defendants-respondents in maintaining their "defense upon the merits" within § 509.500.
In view of the issue presented, that is, whether plaintiff made a submissible case, we are of opinion that plaintiff's appeal should not be dismissed as the issue whether plaintiff should be permitted to recover on the ground of a sale by his broker to a near relative appears to be sufficiently stated in his "Points and Authorities," although perhaps technically too concisely *866 stated. Jackson v. Thompson, 358 Mo. 1001, 1003, 218 S.W.2d 97, 99[4]; In re Duren, Mo.App., 195 S.W.2d 745, 749, affirmed on the point here involved by Court en Banc in 355 Mo. 1222, 200 S.W.2d 343, 345, 170 A.L.R. 391.
Having sustained the trial court's ruling that plaintiff proved no damages, it is not necessary to develop the last mentioned issues.
The judgment is affirmed.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.
All concur.