**KNIGHT v. CALVERT FIRE INS. CO.**

No. 28934.

St. Louis Court of Appeals.

Missouri.

May 18, 1954.

J. Grant Frye, Cape Girardeau, for appellant.

Robert G. Brady, Cape Girardeau, for respondent.

ADAMS, Special Judge.

This cause comes to us on transfer from the Supreme Court, 260 S.W.2d 673.

Plaintiff-appellant brought suit on a $50 deductible automobile collision policy issued by defendant-respondent. The petition alleges damages to his automobile in the sum of $116.56 as a result of being struck by an automobile owned by one Hamilton. Recovery was sought for the amount of plaintiff's car damages over the $50 deductible, attorney fees, vexatious refusal to pay and return of unearned premiums.

Defendant filed its motion to dismiss the petition on the ground that plaintiff had no cause of action against defendant, alleging that plaintiff had dismissed with prejudice, a suit against Hamilton for the damages to his automobile and thereby deprived defendant of its policy-provided-for subrogation.

Over objection of plaintiff, defendant was permitted to introduce the petition (seeking recovery for. $116.56, the full damages to plaintiff's automobile) in the suit against Hamilton, and the court's order showing that cause "dismissed by plaintiff with prejudice at cost of defendant."

The trial court sustained the motion to dismiss and plaintiff appealed.

By his "Points and Authorities" plaintiff complains that there "is no provision in the Civil Code for raising by motion the defense that appellant had settled his cause against Hamilton and had thereby released respondent of its obligations under the insurance policy; but such a defense must be raised by answer and tried as an issue on the merits of the cause," and that by hearing such issue on the motion, he was deprived of his right to trial by jury.

While the record does not show that the policy contained a subrogation clause,

defendant was, nevertheless, entitled to subrogation as a principle of equity. National Garment Co. v. New York, C. & St. L. R. Co., 8 Cir., 173 F.2d 32, 37(9–15); McKenzie v. Missouri Stables, Inc., 225 Mo.App. 64, 34 S.W.2d 136, 138(1–4); Home Ins. Co. of New York v. Smith, 235 Mo.App. 552, 140 S.W.2d 64, 67(1, 2).

■ A settlement with or release of a tort-feasor for the full amount of the loss defeats the insurer's right of subrogation and no recovery can thereafter be had against insurer under the policy. J. Sidney Smith & Son v. Phoenix Insurance Co., (J. Sidney Smith & Son v. Continental Insurance Co.), 181 Mo.App. 455, 459, 461, 168 S.W. 831; Home Ins. Co. of New York v. Smith, supra. Such a settlement or release bars insured's recovery as a matter of law. Home Ins. Co. of New York v. Smith, supra.

Plaintiff's suit against Hamilton was for the full amount of his loss. By dismissing that suit with prejudice he released the cause of action upon which defendant's right of subrogation depended. Defendant was thereupon released from its liability under the policy for that particular loss.

■ The sole issue is, therefore, whether evidence of such a release of the tort-feasor may be shown under a motion to dismiss. If so, it is by virtue of Section 509.290, RSMo 1949, V.A.M.S. Not being one of the ten enumerated "objections" in the section, the authority for the admission of such evidence must be found, if at all, in the phrase "and other matters"; otherwise, the defense must be raised by answer. Section 509.400, RSMo 1949, V.A.M.S.

The Supreme Court frequently has recognized the right to hear evidence on a motion to dismiss where the grounds were not within the ten specified objections of said Section 509.290. Among others, are the following cases: Metcalf v. American Surety Co. of New York, 360 Mo. 1043, 232 S.W.2d 526, 530(4, 5); Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69, 71(5, 6); Halloran v. Hackmann, Mo.Sup., 160 S.W. 2d 769, 771(8).

Before the enactment of our present code and speaking prospectively of said Section 509.290, the Supreme Court, in the Halloran case, 160 S.W.2d at page 771, said:

"* * * In this kind of a situation, a speaking demurrer might well be an aid to prompt and efficient administration of justice, resulting in avoidance of expense and delay, by making it possible to decide at once an issue that would dispose of a lawsuit, actually barred or groundless on uncontroverted facts; and our new proposed code provides for such a procedural improvement. * * *"

■ Plaintiff's constitutional right to a trial by jury was not invaded. Section 22(a) of Article I of our Constitution, V.A. M.S., does not apply to the action of a trial court in sustaining a motion for a directed verdict where the evidence is insufficient to take plaintiff's case to a jury, Smith v. Glynn, Mo.Sup., 177 S.W. 848, 849(2); Morgan v. Kroger Grocery & Baking Co., 348 Mo. 542, 154 S.W.2d 44, 52 (15–17); nor to the sustention of a motion to dismiss where the evidence shows as a matter of law that plaintiff has no cause of action.

■ Other complaints of error found only in plaintiff's printed argument and not made in his points and authorities are abandoned and will not be considered. 42 V.A.M.S. Supreme Court Rules, rule 1.08; Scott v. Missouri Pac. R. Co., 333 Mo. 374, 62 S.W.2d 834, 840(17, 18); Lammers v. Greulich, Mo.Sup., 262 S.W.2d 861, 864(6).

The evidence considered on the motion to dismiss showed plaintiff's claim to be "groundless on uncontroverted facts." By deciding the issue at that stage of the proceedings, unnecessary expense and delay was avoided. The motion was properly sustained.

Judgment affirmed.

ANDERSON, P. J., and BENNICK, J., concur.