■ THE PEOPLE OF THE STATE OF NEW YORK v. FRED JOHNSON — Motion for leave to appeal as a poor person denied, and the appeal from judgment dismissed *sua sponte* on the ground the appeal was not timely taken (Code Crim. Pro., § 521). Concur — Stevens, P. J., Eager, Capozzoli, Tilzer and McGivern, JJ.

## (February 6, 1969)

■ TURNTABLES, INC., Respondent, v. M. B. PLASTICS CORP. et al., Appellants.— Order entered May 21, 1968, denying defendant's motion to dismiss the first cause of action in the complaint reversed on the law, and the motion for summary judgment dismissing the first cause of action is granted with $50 costs and disbursements to appellants, and the remaining cause of action is remanded to the Civil Court. Plaintiff corporation, a manufacturer of advertising displays, contracted with the corporate defendant for defendant to make and furnish to plaintiff a quantity of parts required by plaintiff to complete certain displays to be supplied by plaintiff to a customer. Defendant corporation, knowing of the customer's order, failed to make delivery of the essential parts, thereby preventing plaintiff from fulfilling its contract with its customer. The first cause charges both the corporate defendant and its president with having entered into a conspiracy to induce defendant corporation to breach "and to make it difficult or prevent performance of" the contract between plaintiff and defendant, as well as "to prevent the execution of the agreement of the plaintiff entered into with" its customer. A contracting party does not have a cause of action for conspiracy to breach their contract against the other party thereto (*Bereswill* v. *Yablon*, 6 N Y 2d 301), the remedy being an action for breach (see *Albemarle Theatre* v. *Bayberry Realty Corp.*, 27 A D 2d 172 [1st Dept., 1967]). Nor may the cause stand, stripped of the allegation of conspiracy, as one for tortious conduct against the individual defendant, for it is bare of allegation that he committed the tort independently for personal gain and profit, aside from the corporate interest (*Lager* v. *Su Su Fashions*, 10 A D 2d 832). With the dismissal of the first cause of action, there remains the second cause, which should be severed. The severed cause is for a sum within the jurisdictional limits of the Civil Court. This court on its own motion will, pursuant to article VI (§ 19, subd. a) of the New York State Constitution, direct the transfer of the severed cause of action to the Civil Court of the City of New York, New York County. (See *Midtown Commercial Corp.* v. *Kelner*, 29 A D 2d 349; *Trussell* v. *Strongo*, 29 A D 2d 851.) Concur — Stevens, P. J., Tilzer, Markewich, Rabin and McNally, JJ.