■ WHITE & BAXTER, INC., et al., Respondents, v JADE SQUARE AND TOWER, LTD., Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered November 4, 1977, denying the motion of defendant Jade Square and Tower, Ltd. (Jade), for summary judgment to dismiss the complaint and each of the causes of action, is unanimously modified, on the law, without costs and without disbursements, to grant the motion to the extent of dismissing and severing the second and third causes of action as against Jade and is otherwise affirmed. Plaintiff White & Baxter, Inc. (White), is a corporation wholly owned by one Firestone who was the owner of certain property. In 1974, title to the property was deeded to White and immediately reconveyed to Firestone. In 1976, White gave an option for sale to Bersen and the premises were to be conveyed through Firestone or White. Later, Bersen assigned the agreement to Jade. Attached to the option agreement was a contract of sale which was to become effective upon the exercise of the option. Jade exercised the option but submitted a rider altering some of the terms of the contract including time for making payment. These changes were not agreed to by plaintiff, and Jade's default in making the next payment due was alleged by plaintiff to constitute a breach. Jade also demanded that all leasehold interests under Firestone's control be assigned to Jade. The second mortgagees threatened foreclosure if this was not done, and Jade also threatened to default. When Firestone refused these demands, Jade defaulted, and the second mortgagees began foreclosure which was aborted when Firestone filed a petition in bankruptcy. The first cause of action is for breach of contract against Jade. The second cause includes Jade in a conspiracy to induce the breach of that contract. But, a promisor cannot be held liable for a conspiracy to induce the breach of its own contract. (*Bereswill v Yablon,* 6 NY2d 301; *Turntables, Inc. v M. B. Plastics Corp.,* 31 AD2d 792.) As to the third cause of action by White, for slander of title, White did not have title to the property and hence had no standing to set forth the third cause of action. In fact the affidavit of Murray Firestone in opposition to the motion for summary judgment sets forth that in 1974, for the purpose of negotiating a mortgage with Talcott and CIT "title was put into the name of White & Baxter and immediately deeded back to me after the loan was made." Absent a showing that the subject property was subsequently deeded back to White, the plaintiff White was not a proper party. Concur—Silverman, J. P., Evans, Lane and Sandler, JJ.