Patricia A. BENNETT and Clarence D. Bennett, Appellants (Plaintiffs),

v.

Carl R. PACE, d/b/a Carl's Backhoe and Well Drilling Service and John E. Frentheway, Appellees (Defendants).

No. 86–114.

Supreme Court of Wyoming.

Jan. 15, 1987.

Sue Davidson and Jack Gage of White-head, Zunker, Gage, Davidson & Shotwell, P.C., Cheyenne, for appellants.

Curtis B. Buchhammer of Guy, Williams, White & Argeris, Cheyenne, for appellee Carl R. Pace d/b/a Carl's Backhoe and Well Drilling Service.

Glenn Parker and Thomas G. Gorman of Hirst & Applegate, P.C., Cheyenne, for appellee John E. Frentheway.

Before BROWN, C.J., THOMAS, CARDINE and MACY, JJ., and RAPER, Retired Justice.

RAPER, Retired Justice.

The trial judge dismissed "without prejudice" appellants' complaint claiming damages against appellees for slander of title to real property. The only real issue is whether appellants had standing to maintain such action in that it appears in the complaint that they had no title, possession, or other interest in the real property, the title to which is alleged to have been slandered.

We will affirm the district court.

Appellants' complaint alleges that they were the owners of certain real estate which was to have been sold on February 7, 1985. The lender postponed the closing of the sale until the following day. On February 7, 1985, at 4:50 p.m., appellee Frentheway, as attorney for appellee Pace, placed on record a lien statement claiming a balance due for well drilling, water lines, other materials, and labor. The parties to the sale were unaware of this and proceeded to close the sale.

It is further alleged in the complaint that the amount claimed by the lien is not due and that the lien is invalid for failure to comply with statutory requirements.

It is claimed by the complaint that the lien filing was made willfully and maliciously for the purpose of slander of title to hold up the sale and force appellants to pay an additional amount for services for which Pace had been paid. Actual and punitive damages were claimed along with declara-tory relief to clear title of the lien statement.

Both appellees filed motions to dismiss on the ground that it appeared from the allegations of the complaint that no claim upon which relief must be granted was stated in that appellants held no title to the property, retained no interest therein, and were not in possession since all such interests had been conveyed on February 8, 1985.

This Court has never before had an occasion to announce the law applicable to slander of title under circumstances such as those of this case. "Slander of title" is defined as a false and malicious statement made in disparagement of a person's title to real or personal property, or of some right of his causing him special damage. Black's Law Dictionary 1244 (5th ed. 1979).

Our research indicates the prevailing rule for many years has been, and still is, that, in order for a plaintiff to recover for slander of title, he must possess an interest in the property slandered. *Zehner v. Post Oak Oil Company*, Okl.App., 640 P.2d 991 (1981); *White & Baxter, Inc. v. Jade Square and Tower, Ltd.*, 62 A.D.2d 963, 404 N.Y.S.2d 105 (1978); *Bynum v. Bynum*, 87 N.M. 195, 531 P.2d 618 (1975); *Island Homes, Inc. v. City of Fairbanks, Alaska*, 421 P.2d 759 (1966); *Slusher v. Buckley*, 174 Cal.App.2d 324, 344 P.2d 905 (1959); *Metcalf v. American Surety Co. of New York*, 360 Mo. 1043, 232 S.W.2d 526 (1950); *Allison v. Berry*, 316 Ill.App. 261, 44 N.E.2d 929 (1942).

Appellants take a position that such is not the law, that a new rule prevails, and that, even though they parted with title at the closing on February 8, 1985, they are still damaged by the filing of an alleged false lien, and they point to the Restatement, Second, Torts. We have examined most carefully those parts of the work involving property, and the only change we see which might be taking place is in attaching a different label to the claim as "injurious falsehood" rather than "slander of title." It is explained in the Restate-

ment, Second, Torts § 624, comment a at 343 that:

"The particular form of injurious falsehood that involves disparagement of the property in land, chattels, or intangible things, is commonly called 'slander of title.' The earliest cases in which it arose involved oral aspersions cast upon the plaintiff's ownership of land, as a result of which he was prevented from selling or leasing it; and the decisions went upon an analogy to the kind of oral defamation of the person that is actionable only upon proof of special harm. (See § 569). The extension of the liability to other kinds of injurious falsehood has left the terms 'slander of title,' and 'disparagement,' merely as special names given to this particular form of the tort."

When this action was filed in the district court, appellants had no claim because they had parted with all legally protected interests in the property. The Restatement, Second, Torts, id., comment c at 344, sets out those interests as:

"Any kind of legally protected interest in land, chattels or intangible things may be disparaged if the interest is transferable and therefore salable or otherwise capable of profitable disposal. It may be real or personal, corporeal or incorporeal, in possession or reversion. It may be protected either by legal or equitable proceedings and may be vested or inchoate. It may be a mortgage, lease, easement, reversion or remainder, whether vested or contingent, in land or chattels, a trust or other equitable interest. It may be a patent right, a copyright or the right to use a trademark or trade name. It may be intangible property, whether represented and embodied in a document, negotiable or otherwise, or consisting of a simple debt or other cause of action. This does not purport to be a complete catalogue of legally protected interests in land, chattels and intangible things capable of disparagement. There may

be other interests recognized by the law of property that are salable or otherwise capable of profitable disposal and to which the rule stated in this Section is therefore applicable."

Appellants retained no salable or disposable interest in the land, a necessary element upon which to base a claim for slander of title.

Furthermore, we can add that this concept seems to bear a strong relationship to " '[s]tanding to sue' " as declared in *L Slash X Cattle Company, Inc. v. Texaco, Inc.,* Wyo., 623 P.2d 764, 767 (1981):

" 'Standing to sue' is a right to relief and goes to the existence of a personal claim for relief. It includes a legal disability, such as insanity or infancy, but it is more. It involves a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. It is closely related to the doctrine of mootness. It requires sufficient personal interest in the outcome of litigation by way of injury or potential injury to warrant consideration by the court. Since it goes to the existence of a claim for relief and is jurisdictional in nature, it can be raised at any point in the procedure." (Citations omitted.)

This Court, in *L Slash X Cattle Company, Inc.,* held that the sale of affected land removed the petitioners from the status of being " 'aggrieved or adversely affected in fact.' " *Id.* at 768.

We agree with the district court that no claim for relief was stated in appellants' complaint.[1]

Affirmed.

---

1. The dismissal was "without prejudice," which meant that appellants were at liberty to amend their complaint to state a claim other than "slander of title." They elected to stand on the claim as alleged, and this appeal ensued. By this statement, we do not infer that they had a claim of any sort.