■ MAJESTIC FARMS SUPPLY LTD., Doing Business as EQUINE EMPORIUM, Respondent, v SERVICE RIDING APPAREL, LTD., et al., Appellants.—In an action, *inter alia,* to recover damages for breach of an alleged licensing agreement, the defendants

appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Brown, J.), dated June 19, 1986, which, upon reargument, adhered to an original determination denying their motion to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which adhered to the original determination with respect to that branch of the motion which was to dismiss the second cause of action of the complaint and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The oral licensing agreement alleged by the plaintiff contained no provision for its termination. It was therefore terminable at will upon reasonable notice (see, A. S. Rampell, Inc. v Hyster Co., 3 NY2d 369, 382). As such, there existed the possibility that it could be performed within one year, and therefore no writing was required to evidence it (see, Suslak v Rokeach & Sons, 269 App Div 779, affd 295 NY 799). We note that due to the terminable nature of the contract as alleged, it is incumbent upon the plaintiff to prove not only the contract's existence, but also that the alleged breach of the contract was in fact a breach rather than a mere termination of the contract.

The second cause of action of the complaint, alleging that the president of the defendant company had tortiously induced the alleged breach of the contract, must be dismissed. None of the plaintiff's factual assertions reflect the commission by that defendant of an independent tort, separate and distinct from his actions as president of the corporate defendant (see, Citicorp Retail Servs. v Wellington Mercantile Servs., 90 AD2d 532; Turntables, Inc. v M. B. Plastics Corp., 31 AD2d 792). Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.