MLJ INVESTMENTS, INC., and
Mark Michael, Appellants,

v.

James S. REID and James
I. Reid, Respondents.

No. 66527.

Missouri Court of Appeals,
Eastern District.

Sept. 12, 1995.

Frederick W. Drakesmith, St. Charles, for appellant.

E. Darrell Davis, St. Charles, for respondents.

CHARLES B. BLACKMAR, Senior Judge.

The only issue which went to trial in this rather unusual lawsuit was the claim of James S. Reid and James I. Reid against MLJ Investments (MLJ) and Mark Michael (Michael), an officer of MLJ, for fraud and deceit. The Reids asked for a verdict of $1.00 actual damages and for punitive dam-

ages against both MLJ and Michael. The jury returned the requested $1.00 award for actual damages and assessed punitive damages of $35,000.00 against MLJ and $15,000.00 against Michael. MLJ and Michael appeal asserting that the Reids failed to prove any actual damages and that proof of actual damages is an essential part of the action for fraud and deceit. We agree with this contention and so reverse and remand with directions to enter judgment for the appellants. We find it unnecessary to consider a second ground for appeal, in which it is argued that further recovery is barred by an arbitration award.

The Reids hired MLJ to build a building for them, under a cost-plus contract. It was agreed that MLJ would try to get lower bids from some of the subcontractors and that any ensuing savings would be divided 60 percent to the Reids and 40 percent to MLJ. MLJ was successful in getting two contractors to submit lower bids, resulting in a saving of $5,655 on a glazing contract and $5,316 on a contract for cement flatwork. Under the agreement, these reductions would produce a saving to the Reids of $3,390 on glazing work and $3,189.60 on the flatwork. MLJ, however, did not advise the Reids of the savings and submitted statements for the original amounts in its interim billings to them, which were paid to the contractors. The flatwork contractor refunded $5,316 to MLJ, which it deposited without notifying the Reids. The glazing contractor advised MLJ of the overpayment, and was directed to apply it on other MLJ jobs. Several months later James S. Reid discovered the overbillings, and, after he protested, the Reids were given credit on the next interim statement. The Reids and MLJ soon parted company, for reasons not here material, and another contractor finished the job.

MLJ then filed a suit against the Reids to enforce a mechanic's lien within the strict time limits prescribed for that action, and shortly afterward filed a motion to stay court proceedings pending contractual arbitration. The Reids filed a motion for leave to file answer and counterclaim, bringing in Michael as an additional defendant on the counterclaim. The court sustained the motion to stay, and arbitration was held, resulting in an award to MLJ of $16,035.33, which the court registered as a judgment. The Reids stated during the arbitration that they were not submitting their claim for fraud and deceit to the arbitrator, but nevertheless introduced evidence of the actions of MLJ and Michael which they considered to be fraudulent. The arbitrator made only a general award, without detail and without explanation.

The Reids then filed in court an amended claim against MLJ and Michael, seeking a "sum exceeding $15,000.00" as compensatory damages, and also $250,000.00 as punitive damages. MLJ sued out an execution on the award of the arbitrator, which this court ordered quashed on the ground that the judgment registering the award was not final. *MLJ Investments, Inc. v. Reid*, 877 S.W.2d 221 (Mo.App.E.D.1994).

At the trial the Reids submitted their claim through MAI 23.05, (1981 rev.), which required the jury to find that "as a direct result of such representation or representations the [Reids] were damaged." A converse was submitted requiring a verdict in favor of MLJ and Michael "unless you believe [the Reids] were damaged." The Reids, however, asked for an instruction providing that only $1.00 be awarded as actual damages if the jury found in their favor.

The appellants argue that actual damages are an essential element of the action of fraud and deceit, citing *Lammers v. Greulich*, 262 S.W.2d 861, 864 (Mo.1953). That case indeed enunciates the rule contended for, citing earlier Missouri cases and providing references to encyclopedias. *See id.* at 864. The holding has been followed in later cases. *See Mills v. Keasler*, 395 S.W.2d 111, 118 (Mo.1965); *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. banc 1988); *Grosser v. Kandel–Iken Builders, Inc.*, 647 S.W.2d 911, 916 (Mo.App.E.D.1983). These authorities control our decision.

The Reids cite *Rusk Farms, Inc. v. Ralston Purina Co.*, 689 S.W.2d 671 (Mo.App.

E.D.1985), in support of their claim that a verdict for nominal damages will support an award of punitive damages. In that case the plaintiff sued for tortious interference with business, arising out of inappropriate communications with the plaintiff's customers. The jury returned a verdict for the plaintiff for $25,000 in actual damages, plus punitive damages. This court found that there was no substantial evidence of actual damages and so reduced that portion of the award to the nominal figure of $1.00, while allowing the entire punitive award to stand. *Lammers* recognized that there are cases in which only nominal actual damages were awarded along with punitive damages, but said that the rule applied to actions of "trespass and other direct injuries." *Lammers*, 262 S.W.2d at 864. It went on to say that, in actions for deceit, "pecuniary loss constitutes a part of the cause of action." *Id.* Thus, the *Rusk Farms* case is not in point in an action for fraud and deceit.

The Reids go on to argue that "the record is rife" with evidence of actual damages. They do not point to this evidence. Any argument predicated on a delay in accounting for the overpayments is not sound, because there is no showing that there was a time at which the Reids did not have obligations to MLJ in excess of the amounts for which MLJ had delayed proper accounting. The arbitration did not focus on the claim for improper billing, and the Reids had received credit for the overpayments before the arbitration was held. There is no basis for holding that the expense of the arbitration was attributable to the improper billings, because numerous issues were presented to the arbitrator. Although the instruction required the jury to find that there was damage, and we must assume that it found damage, the finding is not supported by substantial evidence and cannot stand. We do not need to decide whether a plaintiff may prevail in an action for fraud and deceit by presenting some evidence of actual damages but not asking the jury to award them, perhaps submitting in this manner because the actual damages were otherwise reimbursed.

■ The action for fraud and deceit is of common law origin and consists of numerous elements, each of which has to be established by the plaintiff. *Heberer, supra*, lists nine elements. There is no indication in the recent cases of any relaxation in the strict standards of proof which have historically applied to that action. The punitive damage award cannot stand.

The appellants also argue that Reids' claim was merged into the arbitration award, pointing out that they introduced evidence of the improper interim billings during the arbitration hearing. We do not need to reach this point. The recent case of *Estate of Sandefur v. Greenway*, 898 S.W.2d 667 (Mo. App.W.D.1995), holds that, under some circumstances, arbitrators may award punitive damages. If this is so, then perhaps parties should be required to present all claims they might have in arbitration. Bifurcated proceedings tend to defeat the purpose of arbitration. That case, however, was not available at the time of the arbitration in the present proceedings, and we prefer to base our holding on the other grounds assigned.

The judgment appealed from is reversed. The case is remanded with directions to enter judgment for MLJ and Michael, and for further proceedings consistent with this opinion.

DOWD, P.J., and TURNAGE, Senior Judge, concur.