MACHENS et al. v. MACHENS.

No. 43851.

Supreme Court of Missouri.
Division No. 1.

April 12, 1954.

Wm. Waye, Jr., B. H. Dyer, St. Charles, for appellant.

Robert V. Niedner, Paul F. Niedner, Niedner & Niedner, St. Charles, for respondents.

HYDE, Presiding Judge.

Appeal from order of the Circuit Court of Warren County, suspending letters testamentary as executor of the will of Henry Machens, deceased, granted to Andrew Machens, Jr. by the Probate Court of St. Charles County and appointing Andrew Machens, Sr. as administrator pendente lite of the estate of Henry Machens, deceased, because of a will contest brought in the Circuit Court of St. Charles County. This same action had been taken by the Probate Court of St. Charles County and Andrew Machens, Jr. appealed to the Circuit Court. The case went to Warren County on change of venue.

Appellant raised the question of the validity of the order on two principal grounds: That the order of the Probate Court was without due process of law having been made without notice or hearing; and that the statute, Section 461.090 RSMo1949, V.A.M.S., by authority of which the orders were made, was unconstitutional because of failure to comply with Sec. 23, Art. 3, 1945 Constitution, Sec. 28, Art. 4, 1875 Const. V.A.M.S., requiring the subject to be clearly expressed in the title of the bill by which it was enacted. However, both appellant and respondents now agree that this case has become moot because of our decision affirming the judgment of the circuit court finding the will invalid. Machens v. Machens, Mo.Sup., 263 S.W.2d 724. The question upon which they do not agree is: Who should have to pay the costs?

Appellant cites State ex rel. Myers v. Shinnick, Mo.Sup., 19 S.W.2d 676, in which we dismissed an appeal as moot but ordered that appellant recover his costs, up to the date when the case became moot by reason of an order of the Kansas City Board of Zoning Appeals granting him the relief he was seeking. However, in that case, by making the order, it was conceded that appellant's contentions were correct and that he was entitled to what he sought and he was given the relief which was the subject matter of his action. That is not the situation in this case. Instead respondents have continued to claim that appellant was not entitled to the relief he sought and were successful as contestants in obtaining a final judgment setting aside the will under which appellant claimed the right to act as executor. Thus respondents have successfully maintained their claim that appellant never did have any right at all to act as executor. Under these circumstances we think the costs of this case should be assessed against appellant and we so hold.

It is, therefore, ordered that the appeal be dismissed and the costs be assessed against appellant.

All concur.