Michael **BANKS**, an Infant, by Ernestine Banks, his mother and natural guardian (Plaintiff), Respondent,

v.

**ST. LOUIS CAB COMPANY** (Defendant), Appellant.

No. 28988.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1954.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 15, 1954.

Ellis S. Outlaw, St. Louis, Sarah Spencer Ashmore, Chicago, Ill., John J. Spencer, Jr., Washington, D. C., for appellant.

Barnhart, Wood & Bransford and Robert D. Bransford, St. Louis, for respondent.

IVAN LEE HOLT, Jr., Special Judge.

This is a suit for personal injuries based on negligence brought in behalf of plaintiff by his mother and natural guardian resulting from a collision between plaintiff and a taxicab. From a judgment for $7,500 in favor of plaintiff, defendant appeals. Plaintiff has filed a motion to dismiss for failure to comply with Supreme Court Rule No. 1.08, 42 V.A.M.S. We shall designate the parties as below.

Defendant by its answer admitted plaintiff was two years old; that Fountain Avenue was a public street in the City of St. Louis running in a generally east and west direction; that on or about July 10, 1952, plaintiff was a pedestrian crossing Fountain Avenue from south to north between Kingshighway Boulevard and Aubert Avenue; that at the time its agent was operating a taxicab west on Fountain Avenue and collided with plaintiff.

Plaintiff's witness to the accident substantially testified: just before it he had been parked on the south side of Fountain Avenue just east of Kingshighway; he started his automobile and had gotten into second gear when he saw plaintiff run out from the sidewalk on the south side of Fountain north; plaintiff came out where there was a space between two parked cars about fifteen feet in front of his automobile; he braked and slowed down, allowing plaintiff to go in front of him; when plaintiff came into the street defendant's taxicab was just clearing Aubert westbound at a speed of about sixteen miles per hour; the front of the taxicab was about seventy-five feet east of plaintiff's path as plaintiff

came out from the south curb; he brought his automobile to a rolling stop and looked back to see if plaintiff would get safely across; plaintiff hesitated in the street and went on; the front bumper of the taxicab at a point between the center of the hood and the left headlight struck plaintiff and plaintiff landed about fifteen feet in front of the taxicab; the taxicab did not slow down from the first time he saw it until it was about eight feet from plaintiff; the taxicab was going about ten miles per hour when it struck plaintiff and stopped after going about another eight feet; when plaintiff was struck the left wheels of the taxicab were about in the center of Fountain; Fountain at the scene was forty-fifty feet wide; there was no other moving traffic in the block at the time, and the front of his automobile was about two feet east of the rear of the taxicab, and the side about ten feet south of the side of the taxicab, at the time of the impact.

Defendant's driver in substance testified: as he was driving west on Fountain his attention was attracted by the squeal of brakes of plaintiff's witness' car, which stopped opposite him as plaintiff ran in front of it; he had stopped for an automobile which had stopped thirty feet in front of him; at that time plaintiff, while looking back, ran into the side of his taxicab, and he had been stopped a half a minute when plaintiff ran into him.

Plaintiff offered, and the trial court gave, a verdict directing instruction only for failure to keep a lookout. The defendant offered, and the trial court refused, a converse humanitarian failure to warn instruction and an instruction defining "position of imminent peril."

 Throughout its brief defendant makes numerous contentions, but as only two of them approach compliance with Supreme Court Rule 1.08(a), particularly (3) thereof, we shall confine ourselves to those. Wattson v. James B. Welsh Realty & Loan Co., Mo.App., 266 S.W.2d 35; Knight v. Calvert Fire Insurance Company, Mo.App., 268 S.W.2d 53.

First, defendant contends plaintiff did not make a submissible case. A reading of plaintiff's witness' testimony, supra, is sufficient answer to that. We hold the plaintiff made a submissible case.

Second, defendant complains of the refusal of the trial court to give its two offered instructions. It scarcely requires citations to support our saying the trial court's refusal was entirely proper where the plaintiff submitted only primary negligence.

In view of the above, plaintiff's motion to dismiss may be denied without further comment.

The judgment is affirmed.

ANDERSON, P. J., and BENNICK, J., concur.