**STATE of Missouri ex rel. State Highway Commission of Missouri (Plaintiff), Respondent,**

**v.**

**Carlisle SCHADE (Defendant), Appellant.**

No. 29047.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1954.

Rehearing Denied Oct. 15, 1954.

William A. Ratican, Edmond L. Siemers, St. Louis, for appellant.

Robert L. Hyder, Bruce A. Ring, Jefferson City, Clifford Greve, St. Louis, for respondent.

IVAN LEE HOLT, Jr., Special Judge.

This is a highway condemnation suit where both parties excepted to the Commissioners' award. A jury at the trial of those exceptions returned a verdict in favor of the plaintiff and the defendant has appealed from the resulting judgment. After the appeal plaintiff filed a Motion to Dismiss for failure to perfect and an alternative Motion for Extension of Time to File Brief. We shall designate the parties as below.

Defendant owned about twenty-eight acres of property near Berkeley in St. Louis County south of Natural Bridge Road, angularly divided on the west by Brown Road. Plaintiff condemned twenty feet along the property's northern boundary east of Brown Road and ten feet west of Brown Road, and one hundred feet somewhat south of there to widen Natural Bridge Road and make it a dual highway. In all 1.8 acres was condemned and thereafter defendant's property consisted of a main tract and two "islands" between the double east and west bound lanes of the new road. During the construction plaintiff put in a culvert near the northwest corner of the eastern island which drained water which primarily collected there. A filling station formerly in the northwest corner of the property was left in the western island. The Commissioners awarded defendant $8,000 damages.

Defendant testified in his opinion the property was damaged from $18,000 to $23,-

750 and the two experts testifying in his behalf gave their opinions as $13,675 and $12,800 respectively.

The three experts called in behalf of plaintiff testified the property was benefited $18,000, $2,775 and $20,440 respectively, because of improved drainage and accessibility, and greater commercial and subdivision prospects.

■ Defendant's first two "points" each contain abstract statements of law as to damages in condemnation cases. They are general and contain no "allegations of error" as required by Supreme Court Rule No. 1.08(a) (3), 42 V.A.M.S. They, therefore, present nothing to us for review. Berghorn v. Reorganized School Dist. No. 8, Franklin County, Mo.Sup., 260 S.W.2d 573, loc. cit. 580, and Sykes v. Stix, Baer & Fuller Co., Mo.App., 238 S.W.2d 918, loc cit. 920.

■ The next point is "The constant attempt of respondent to inject improper statements, insinuations and accusations, calculated to appeal to the prejudice and passion of the jury, seeking to place defendant in the position of constantly objecting to improper remarks of counsel during the trial." Again the point is general and does not "specify the allegations of error" in compliance with Supreme Court Rule No. 1.08(a) (3). There is no indication of what "statements, insinuations and accusations" defendant has in mind nor where in the transcript they may be found. We are not willing to search the record to discover what and where they are. For somewhat similar appellate refusals see Robb v. Bartels, Mo.App., 263 S.W. 1013, loc. cit. 1016, and Hill v. Harvey, Mo.Sup., 201 S.W. 535, loc. cit. 538. In addition to the above, the transcript shows such objections as defendant made generally were sustained, he requested no further action from the trial court and his motion for a new trial was no more specific in this connection than the assignment under consideration.

Defendant's next point is the admission of "photographs of appellant's property taken after completion of construction." This scarcely specifies in compliance with the Rule but as defendant mentions Exhibits 2, 3, 4, 8, 9 and 10 in his statement of facts and in his argument touches on the admission of photographs taken after the construction generally, we will consider the point as to the admissibility of the exhibit numbers set out above.

■ As to Exhibit 2, defendant's objection made during its identification was overruled. After the identification was completed, the objection was sustained, but thereafter when the exhibit was passed to the jury and thereby offered there was no objection by defendant. Under those circumstances defendant waived his objection.

■ Defendant expressly stated he had no objection to Exhibit 3 and, of course, cannot now complain of its admission.

■ The only objection to Exhibit 4 was during its identification and was that it was contrary to other Exhibits admitted. The trial court observed that that was a matter for cross examination and the matter was pursued no further. If the remark of the court was a ruling, it was correct on the ground assigned, and, if not a ruling, defendant waived any claim of error by not obtaining one, or at least objecting to the offer.

As to Exhibits 8, 9 and 10, defendant made no objection to them whatsoever and, of course, now cannot assign their admission as error

■ Defendant's final point is that "The trial court erred in giving, over the objections of appellant, Instructions 2, 7 and 9." Again this point does not comply with Supreme Court Rule No. 1.08(a) (3) and presents nothing for review. Pierce v. New York Central R. Co., Mo.Sup., 257 S.W.2d 84, loc. cit. 88, and Daugherty v. Maddox, Mo.Sup., 260 S.W.2d 732, loc. cit. 734.

In view of the above plaintiff's Motion To Dismiss may be denied without further comment. Defendant having agreed by motion to plaintiff's Alternative Motion and

plaintiff having filed its brief, that motion has been disposed of by the parties' own actions.

The judgment is affirmed.

LYON ANDERSON, P. J., and BENNICK, J., concur.