Rudolph D. McFARLAND (Plaintiff), Respondent,

v.

ST. LOUIS CAB COMPANY, a Corporation (Defendant), Appellant.

No. 29091.

St. Louis Court of Appeals.

Missouri.

Oct. 18, 1955.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 10, 1955.

Ellis S. Outlaw, St. Louis, for appellant.

Barnhart, Wood & Bransford and Robert D. Bransford, St. Louis, for respondent.

DOUGLAS L. C. JONES, Special Judge.

This is an action for personal injuries sustained by plaintiff-respondent—while a passenger in a taxicab of the defendant-appellant. For the sake of convenience we will refer to the parties as they were designated in the trial court.

Plaintiff brought suit against two defendants, the St. Louis Cab Company (appellant), having been a passenger in one of its taxicabs, and also against one John Garrison, the operator of an automobile that collided with the taxicab, alleging general negligence against the Cab Company (appellant) and specific allegations of negligence against defendant Garrison.

At the close of plaintiff's case co-defendant, Garrison, filed a motion for a directed verdict, and plaintiff then dismissed his cause of action as to defendant Garrison; the case proceeded against defendant St. Louis Cab Company alone and resulted in a verdict in favor of plaintiff for Seven Thousand ($7,000.00) Dollars; defendant's motion for a new trial was overruled, and defendant (appellant) has presented its appeal to this court.

It is not clearly brought to our attention from the record as to what matters are to be determined by this Court. Appellant's brief does not state in any manner whatsoever in what respects the Trial Court erred to the prejudice of the appellant. At most, appellant's brief merely gives abstract statements of law. Respondent has requested therefore that defendant's appeal be dismissed as this Court has nothing before it on which to rule. The Supreme Court of Missouri has many times stated that it is not the duty of the Appellate Court to search the entire record in order to discover, if possible, error committed by the Trial Court, but it is the duty of the appellant to distinctly point out the alleged errors of the Trial Court and to show therefor how appellant was prejudiced by such rulings and where they can be found in the record.

In the case of Kleinschmidt v. Globe-Democrat Pub. Co., 350 Mo. 250, 165 S.W.2d 620, the Honorable Ernest M. Tipton as presiding judge of the Supreme Court wrote an opinion reiterating this position and concluded with the following advice, loc. cit. 623:

"Under the heading of Points and Authorities, appellant has merely submitted a numerical list of abstract statements of law or facts, and has not shown any connection with errors alleged to have been committed by the trial court, 'In other words, the above paragraphs simply announce abstract propositions of law, without pointing out any alleged error committed by the trial court.' * * * We have repeatedly held that this requirement cannot be met in this manner. Such submission is clearly in violation of our rule. * * * The rule here invoked is promulgated not only to aid this court in dispatching its work, but also to guard against the disturbance of nisi prius judgments except upon a full and fair

presentation of the whole record, necessary to a determination of errors properly presented."

Some years later the Missouri Supreme Court again in an opinion written by the Honorable Ernest M. Tipton, Ambrose v. M. F. A. Co-operative Association of St. Elizabeth, Mo., 266 S.W.2d 647, brought the necessity of complying with said rules to the attention of the members of the bar. Judges Hyde and Conkling wrote separate concurring opinions reiterating the aforementioned thoughts and stated that it is now more imperative than ever that counsel comply with the rules of Court, and further stated, loc. cit. 650:

> "Because we believe our primary duty is to litigants rather than to counsel who represent them, we have stated in Rule 1.15 that a case will not be dismissed for violation of appellate procedural rules if 'the interest of justice otherwise require'; and have stated in Rule 1.28 that our 'rules shall be liberally construed to promote justice, to minimize the number of cases disposed of on procedural questions and to facilitate and increase the disposition of cases on the merits.'"

This Court, keeping in mind the expressions of Judge Ernest M. Tipton, attempted to ascertain "If in the interest of justice this case should not be dismissed for violation of appellate procedural rules," and has, therefore, been doing work that is not properly the Court's, it is our conclusion, and we agree with respondent, that "The matters to be determined by this Court on this appeal are obscure." Actually the "meat" of appellant's complaint is that "The judgment was for the wrong party."

■ Appellant complains of Instruction No. 1 in that it failed to instruct the jury that both defendants were subject to the highest degree of care, however, this instruction concerns only the defendant appellant (St. Louis Cab Company). The other defendant, Garrison, was no longer in the case, and, therefore, it was not necessary for plaintiff to offer an instruction as to a defendant no longer a party in the lawsuit. Certainly appellant is not questioning that if the concurrent negligence of both drivers (appellant taxi cab company and former defendant, Garrison) caused the collision, both or either would be liable for plaintiff's injuries. If defendant appellant so contends, such contention is of course, without merit. Champieux v. Miller, Mo.Sup., 255 S.W.2d 794; Restatement, Torts, Vol. 2, Sec. 447b, p. 1169.

■ In desperation, appellant sums up his complaints, in effect, that plaintiff failed to make a submissible case. However, this, too, is without merit as the charge of negligence was amply supported by evidence from both sides of the case. The record clearly indicates that appellant, St. Louis Cab Company, made a left turn into the path of an oncoming automobile. Garrison, former defendant and driver of the oncoming automobile, testified (R.15) that he was traveling west at twenty to twenty-five miles an hour when this cab made a sudden left-hand turn in front of him when it was only four or five car lengths away * * * that he attempted to swerve. It cannot be questioned that under the evidence there was insufficient time for the cab driver to make this turn safely. In any event, there was substantial evidence from which a jury could decide that the cab driver was negligent in turning to the left in front of an oncoming vehicle, and the verdict of the jury being supported by substantial evidence should be approved in favor of plaintiff respondent.

Although we have searched the entire record and attempted to ascertain just what complaints appellant has with the lower court, we have found that the lower court committed no error which could be prejudicial to appellant.

In our opinion the judgment of the trial court was proper, and accordingly is affirmed.

MATTHES, J., and WM. R. COLLINSON, Special Judge, concur.