Thomas W. WHITE, Respondent,

v.

James Martin NELSON, III, Appellant.

No. 29154.

St. Louis Court of Appeals. Missouri.

Nov. 15, 1955.

William J. Becker, Clayton, for appellant.

Charles M. Shaw, Wayne C. Smith, Jr., Clayton, for respondent.

SAM C. BLAIR, Special Judge.

Litigation and various legal affairs were conducted by Thomas W. White, an attorney, for his client, James M. Nelson, III. Nelson entrusted $16,000–$18,000 to White for disbursement in his interest. To Nelson's satisfaction, White accounted for all of

this money except $4,500. This sum White retained as a partial fee for his services. This retention was with Nelson's full knowledge. Later White advised Nelson that he was charging, above and over the $4,500, an additional fee of $2,275. Not immediately, but a few weeks later, Nelson told White that he owed him nothing and that he would not pay the $2,275 or any part of it. Then White sued him for the additional fee of $2,275. White's petition alleged that Nelson and he had accounted together regarding all moneys that came to White's hands, agreed on a balance of $2,275 as being due White, and that Nelson had promised to pay that amount. Nelson answered by denying there had been any accounting and by asserting that he owed nothing. He counterclaimed for an accounting of all of the services White had rendered and for a refund of that part of the $4,500 which the court might find White had not earned as a fee. White answered the counterclaim by reiterating that the parties had already accounted and settled all of their affairs and by denying that Nelson was entitled to any further accounting. Before the court Nelson's counterclaim for the accounting was tried and the resulting finding denied him an accounting. Thereafter a trial by jury on White's petition resulted in a verdict for White for $2,275. Nelson appeals. White's integrity is not questioned. This is merely a dispute between Nelson and White regarding what White's services entitle him to charge as a total fee.

Supreme Court Rules compel us to notice conspicuous deficiencies in the transcript and brief filed by Nelson in this court. Absent from the transcript are both the decree denying Nelson an accounting and the judgment awarding White $2,275. The transcript merely quotes the verdict of the jury for $2,275, and then continues: "Upon which judgment was then and there entered as follows: (Judgment entered as above verdict on May 13, 1954)." These mere recitals are no compliance with Section 512.110, V.A.M.S., or Supreme Court

Rule 1.04, 42 V.A.M.S., providing: "The transcript on appeal, required by Section 135 (1943 Act), as amended [V.A.M.S. § 512.110], shall always include, in chronological order * * *," specified documents and rulings and "the *judgment* or *order* appealed from * * *." And there is no reference anywhere to any decree denying the accounting.

■ The notice of appeal recites that Nelson "hereby appeals * * * from the judgment and order (sic) overruled defendant's motion for new trial." Nelson cannot appeal from the order overruling the motion for a new trial. Weller v. Hayes Truck Lines, 355 Mo. 695, 700, 197 S.W.2d 657, 659 [3]; Edwards v. Sittner, Mo.App., 206 S.W.2d 578, 580; Section 512.020, V.A.M.S., note 92. His appeal must be, if at all, from the decree and judgment, and both have been omitted from this record. This omission alone is sufficient reason for dismissal of this appeal. S.C. Rule 1.15; Mo.Dig., Appeal & Error, Vol. 2A, ■

■ We are mindful of the authority granted us to require the clerk of the trial court, of our own motion, "to send up a complete transcript or any portion thereof or any original documents or exhibits." S.C. Rule 1.03. A different record could lead us to call for the decree and judgment, but the circumstances existing in this one would render such action unavailing. For Nelson's brief palpably fails to comply with S.C. Rule 1.08(a) (3) and (d) requiring the points relied on to show what actions or rulings of the court are sought to be reviewed and requiring those points to state briefly and concisely why the court was wrong in such actions or rulings. The rule is express that "Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule." S.C. Rule 1.08(d). All of the points relied on here are the merest abstract statements of law. All fail entirely to state what actions or rulings of the court are claimed to be erroneous and why it is claimed they were wrong.[1]

1. These are Nelson's "points relied on":
"I. An attorney who comes into possession of his client's money and retains part or all of it as his attorney's fees

■ Obedience to this rule calls for no cryptic or unique legal discernment or technique. Points relied on need only be a "concise outline of the part of the brief called 'an argument.'" Ambrose v. M. F. A. Co-operative Ass'n, Mo., 266 S.W.2d 647, 650. "All that is required to comply with Rule 1.08(a) (3) is a concise statement of what the Court did that is claimed to be wrong and a concise statement of why it is contended the Court was wrong. The purpose of having this in the 'points relied on' is to tell the Court what the appellate issues are so it will know what the argument is about." Ambrose v. M. F. A. Co-operative Ass'n, supra, 266 S.W.2d 651.

Repeatedly the bar has been admonished that obedience to this rule will be enforced. In this there is no arbitrariness or injustice. "The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. * * * *If they are not to be obeyed, they should be done away with once for all.* A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men, viz., those who labor to obey it— the very ones it should not injure." Sullivan v. Holbrook, 211 Mo. 99, 104, 109 S.W. 668, 670.

■ Our authority to consider "errors affecting substantial rights", although not properly preserved for review so as to prevent a "manifest injustice or miscarriage of justice", has not been forgotten. S.C. Rule 3.27. But our examination of the whole record, and it has been examined closely, suggests nothing at all to justify application of this rule. On the contrary, our study convinces us that the ruling which denied Nelson an accounting and the verdict awarding White $2,275 were both arrived at without error and warranted by this record. Consequently we are not at liberty to condone the present violations of Rules 1.04 and 1.08(a) (3) and (d). Ambrose v. M. F. A. Co-operative Ass'n, supra, 266 S.W.2d 648–651; Bonnot v. Tackitt, Mo.App., 265 S.W.2d 748, 751; Berghorn v. Reorganized School Dist. No. 8, Mo., 260 S.W.2d 573, 580; Daugherty v. Maddox, Mo., 260 S.W.2d 732, 734; Townsend v. Lawrence, Mo.App., 267 S.W.2d 489, 490; Farmer v. London & Lancashire Ins. Co., Mo.App., 274 S.W.2d 517, 520; Banks v. St. Louis Cab Co., Mo.App., 271 S.W.2d 195, 196; State ex rel. Highway Comm. v. Schade, Mo.App., 271 S.W.2d 196, 198; Joseph v. Mutual Garage Co., Mo.App., 270 S.W.2d 137, 143; Jones v. Giannola, Mo. App., 252 S.W.2d 660, 663; Baker v. Atkins, Mo.App., 258 S.W.2d 16, 22.

This appeal must be dismissed. It is so ordered.

ANDERSON, P. J., and FRANKLIN FERRISS, Special Judge, concur.

is required to account to his client for it. II. Unless a new agreement to pay is made and a new obligation is entered into by the debtor, after a dispute as to what is due, the theory of 'account stated' cannot be made to apply. III. The question as to whether a case of account stated was made is a question of law for the Court and not for the jury. IV. The giving of an instruction on two inconsistent and conflicting theories of the case is reversible error."