William ARNOLD et al., Plaintiffs-Appellants,

v.

REORGANIZED SCHOOL DISTRICT NO. 3 OF SCOTLAND COUNTY et al., Defendants-Respondents.

No. 45004.

Supreme Court of Missouri.

Division No. 1.

April 9, 1956.

J. Patrick Wheeler, Attorney-at-Law, Canton, for appellants.

Jayne & Jayne, Kirksville, for respondents.

DALTON, Presiding Judge.

This is an action by alleged resident taxpayers of Reorganized School District R–3 of Scotland County, Missouri, against the District, the members of the Board of Education of the district and the Collector of Revenue and the Treasurer of said county for an injunction perpetually restraining and enjoining the defendants, individually and collectively, from making, or enforcing, or seeking or attempting to make or enforce any levy or tax upon or against the real and personal property in Reorganized School District R–3, Scotland County, Missouri, based upon or as a result of a special election held December 7, 1954, upon the proposition of incurring indebtedness and issuing bonds in the amount of $100,000 for the construction and furnishing of a school building; and to declare that the said special election was null, void and of no effect.

Appellants in their statement of facts say: "The Board of Education of the School District certified that a total of four hundred forty-six (446) votes were cast in said election * * * two hundred ninety-nine (299), were reportedly cast in favor of the proposition aforesaid, and one hundred forty-seven (147) were reportedly cast against said proposition. Upon the basis of the vote * * * the Board of Education proceeded to issue One Hundred Thousand Dollars ($100,000.00) in bonds to finance the construction of the school building and furnishing same * * * these bonds having been registered with the Secretary of State on the 12th day of January 1955."

Plaintiffs' petition was filed January 19, 1955. Briefly, the petition charged that "on December 7, 1954, pursuant to notice, a special school election for Scotland County, Missouri Reorganized District R–3, was held within said school district. That at said election * * * there was one proposition submitted to the legally qualified voters of said School District, viz., whether Reorganized School District R–3 of Scotland County, Missouri should incur indebtedness and issue its bonds therefor in the amount of One Hundred Thousand Dollars ($100,000.00) for the purpose of constructing an elementary school building and a combined auditorium gymnasium and furnishing the same." The Board of Education had certified the results of said election as hereinbefore stated. By reason of the aforesaid certification, the defendant School District and the members of its Board of Education "have caused or will cause a tax levy to be made upon the real and personal property of the plaintiffs and others within said School District to provide for interest on said bonds and for a sinking fund to pay said bonds."

Plaintiffs further alleged that at said election the judges of said election wrongfully and erroneously permitted fourteen (14) or more persons to vote at said election who were not at the time of said election qualified resident taxpaying voters; that the disqualifications of these voters were known or should have been known to the judges of said election; that the disqualifications of these voters were disregarded by the judges who counted and certified the votes; that the members of the Board of Education wrongfully selected judges favoring the proposition submitted at said election and wrongfully electioneered for the bond issue; that the judges of said election wrongfully disclosed to the members of the Board of Education the results of the balloting as it progressed on election day; that the members of the Board of Education used such information to prejudicially and wrongfully influence the results of the election; that, by reason of the foregoing, the proposition for the bond issue failed to carry and the result thereof was wrongfully and erroneously certified, all to the plaintiffs' injury. That since the Board of Education was threat-

ening to issue the bonds and to levy a tax upon plaintiffs' and other property in the district to provide for interest thereon for a sinking fund to pay the bonds, plaintiffs would suffer irreparable injury and damage unless the court held the election, levy, certification and other proceedings based thereon to be void, and set the same aside and held the same to be of no force and effect. Plaintiffs alleged they had no adequate remedy at law and prayed an injunction, as stated.

The defendant School District and the members of the Board of Education of the district appeared specially, limiting their appearance for the purpose of their motion only, and moved the court to quash the process and return of service thereon and to take no further action, except to dismiss plaintiffs' petition on the ground that plaintiffs' petition did "not state facts sufficient to constitute a cause of action against these defendants, or either of them"; and on the ground that the court had "no jurisdiction over these defendants in this cause, or over the cause of action attempted to be stated in plaintiffs' petition, or to grant any of the relief prayed for in the petition, or any relief whatever under the petition * * *." The court sustained the motion and dismissed plaintiffs' petition. After motion for a new trial was filed and overruled, plaintiffs filed notice of appeal.

We think this appeal should be dismissed for violation of 42 V.A.M.S. Supreme Court Rule 1.08 and for failure to properly present any point or issue to be decided on appeal. Under the heading "Points and Authorities," the appellants have stated certain abstract principles of law, which are not therein attempted to be applied in any manner to the facts of this case. The two points are as follows:

"I. It has long been the law of this State that a Court of Equity would entertain those causes for which there is no adequate remedy at law and the right or property of persons is at stake. As a general rule a Court of Equity will not interfere in a matter concerning an election by the people but if under the guise of an election the property or the person as a citizen is imperiled, equity will interfere." Appellants cite Missouri Electric Power Co. v. City of Mountain Grove, 352 Mo. 262, 176 S.W.2d 612, and other authorities.

"II. The Constitution of Missouri requires that an indebtedness of local government, including school districts, must carry by a vote of two-thirds (⅔) of the qualified electors of the local government voting thereon. Section 26(b), Article 6, Constitution of Missouri, 1945 [V.A.M.S.]"

No relief of any kind is requested. No complaint is made of any action taken by the trial court. No grounds of error because of any action of the trial court is suggested. No issue is presented for decision by this court.

Supreme Court Rule 1.08 provides: "Briefs: Contents. (a) * * * The brief for appellant shall contain: * * * (3) The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citation of authorities thereunder * * * (d) The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. *Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule.*" (Italics ours).

Supreme Court Rule 1.08 was amended April 12, 1954 and (in so far as applicable here) became effective December 1, 1954. The rule has been wholly ignored in the preparation of appellants' brief. The brief contains less than two pages of printed argument; but even the argument fails to refer to "any actions or rulings of the court * * * claimed to be erroneous"; and it does not state "why it is contended the court was wrong in any action or ruling sought to be reviewed." Fur-

ther, the one page statement of facts is wholly inadequate under Supreme Court Rule 1.08(a) (2) and (b).

The appeal should be dismissed. It is so ordered.

All concur.