Eileen FISHER, Bernice Stiller Wessel, Frances Wollard Cox; and C. A. Wollard, Administrator with the Will Annexed of the Estate of Mont Lavelock, Deceased, Appellants,

v.

Thomas W. LAVELOCK, a/k/a Tom Lavelock, Respondent.

No. 22417.

Kansas City Court of Appeals.

Missouri.

May 7, 1956.

O. J. Adams, Hamilton, for appellants.

Brandom & Brandom, Gallatin, for respondent.

BOUR, Commissioner.

Plaintiffs brought this suit in the circuit court of Caldwell county seeking the cancellation of an instrument described as an "Option to Re-Purchase" in which the defendant is named as optionee, and for other relief hereinafter described. Defendant filed an amended motion to dismiss. The motion was sustained and the cause dismissed. Plaintiffs appealed to the Supreme Court, but that court held that it did not have jurisdiction of the appeal and transferred the cause to this court. 282 S.W.2d 557.

We quote from the opinion of the Supreme Court: "It appears from the petition that Mont Lavelock died in Caldwell County, Missouri, in May, 1951. Her will was thereafter admitted to probate in the probate court of that county. Plaintiff C. A. Wollard is the administrator w. w. a. of her estate. The remaining plaintiffs are the residuary devisees of said estate and as such appear to be the devisees of the real estate hereafter mentioned.

"On June 16, 1930, Mont Lavelock executed and delivered to her son, the defendant Thomas W. Lavelock, the aforementioned 'Option to Re-Purchase.' This instrument recited that Thomas W. Lavelock and wife had that day conveyed to Mont Lavelock a certain undivided interest in real estate and mineral rights in additional real estate, all located in Wharton County, Texas; that as a part of the consideration for said conveyance said Lavelock was to have an option to repurchase said real estate at any time within five years for $1,000 with interest thereon from date at six per cent per annum, compounded; that if the income from said real estate should exceed six per cent on $1,000, then the excess over said amount should be paid to Thomas W. Lavelock. It was alleged that the defendant had failed to exercise the option to repurchase and therefore said option was no longer valid and had expired.

"It was further alleged that defendant was indebted to Mont Lavelock upon a note dated January 1, 1930, the balance due at the time suit was filed being $3,507.36; that defendant was entitled to a credit thereon in the amount of $2,000 by reason of a bequest in said sum as provided in the will of said deceased, thus leaving a balance due said estate of $1,507.36.

"The petition also contains allegations concerning certain checks issued by Texas Gulf Sulphur Company on account of sulphur royalties. Between May 15, 1951, and September 15, 1952, seventeen of these checks, totaling $892.30, were issued by said company and were made payable to Mont Lavelock and Thomas W. Lavelock. It is alleged that the amount, if any, due to defendant from said checks should be ascertained and paid to the estate and credited upon the $1,507.36 due the estate from said defendant."

Plaintiffs prayed that said "Option to Re-Purchase" be "cancelled, set aside and for naught held, and that the same may be declared forfeited and terminated by reason of defendant's failure to exercise the option therein granted, and that said defendant be decreed to have no further right, title, interest or estate therein; that the court ascertain with certainty the amount due and owing from the said Thomas W. Lavelock to the Estate of said Mont Lavelock deceased, and that the amount so ascertained to be due to said estate be decreed a set off against the interest, if any, of the defendant Thomas W. Lavelock, in and to

the checks so issued by the Texas Gulf & Sulphur Company, as aforesaid, and to all checks subsequently issued, on account of sulphur royalties, and for all other additional orders, judgments, decrees and equitable relief to which plaintiffs may be entitled."

Defendant's amended motion to dismiss was based on the following grounds:

"(1) The petition fails to state a claim upon which relief can be granted.

"(2) The court does not have jurisdiction over the subject matter of the petition in that the instrument referred to in the petition as an Option of Re-Purchase, dated June 16, 1930, is with reference to real estate or interests in real estate located in Wharton County, Texas, and this court has no jurisdiction to determine matters affecting real estate located in the State of Texas and does not have jurisdiction to cancel or set same aside or to declare it forfeited and terminated.

"(3) The court does not have jurisdiction of the subject matter of the petition with reference to the checks therein referred to in paragraph numbered 7 of the petition, issued by The Texas Gulf Sulphur Company, for the following reasons:

"(a) That another suit with reference to said checks is now pending in this court, being an appeal from the probate court of Caldwell County, Missouri.

"(b) The probate court alone has original jurisdiction as to personal property belonging to or claimed to belong to the estate.

"(c) The Texas Gulf Sulphur Company is a proper party defendant to a determination of questions concerning checks issued by it.

"(d) The checks being issued because of and arising out of an interest in real estate, which real estate is located in another state, this court has no jurisdiction.

"(e) The proper proceeding with reference to said checks would be a proceeding in the probate court of Caldwell County to discover assets."

No evidence was introduced at the hearing on the motion to dismiss. The court sustained the motion generally and dismissed the cause.

The briefs filed with this court are the same as those filed with the Supreme Court. Plaintiffs' (appellants') brief does not comply with Supreme Court Rule 1.08, 42 V.A.M.S. This rule reads in part as follows: "(a) * * * The brief for appellant shall contain: * * * (3) The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and *wherein* and *why* they are claimed to be erroneous, with citation of authorities thereunder; * * * and (4) An argument. * * * (d) The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state *why* it is contended the Court was wrong in any action or ruling sought to be reviewed. *Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule.*" (Italics supplied.)

Point 1 in plaintiffs' brief is as follows: "The option contract in question is not a contract in any way involving title to real estate in the State of Texas, and is not a contract of sale." (Citing authorities.) Point 4 reads: "In order for 'title to real estate to be involved,' so as to confer jurisdiction on the Supreme Court it is not enough that the judgment when carried into execution will affect title to the land, but title must be involved in the suit itself and be a matter about which there is a contest." (Citing cases.) We will not undertake to explain why this statement appears under the heading "Points and Authorities", for it does not relate to the merits of the case. It is apparent that points 1 and 4 are abstract statements of law. However, the question of whether title to real estate is involved was decided by the Supreme Court when the case was transferred. The Supreme Court said: "This option did not in itself transfer to defendant any title or interest in the land therein described. * * * If, as we have held, the option under con-

sideration conveyed no title to the defendant, it clearly and logically follows that this suit to cancel that option would not involve or adjudicate title to the real estate." 282 S.W.2d loc. cit. 560.

The remaining points (2, 3 and 5) in plaintiffs' brief are as follows:

"2. An option contract and a contract of sale are in fact two separate and distinct contracts, and are clearly distinguishable." (Citing authorities.)

"3. Equity acts in personam, and jurisdiction of the parties gives the court jurisdiction to render an appropriate decree no matter where the subject matter may be located." (Citing authorities.)

"5. Since probate courts in Missouri possess only derivative powers, and the jurisdiction is regulated by statute, they are of limited jurisdiction, and have no cognizance of equitable matters, except incidentally." (Citing authorities.)

Plaintiffs have ignored Supreme Court Rule 1.08 in the preparation of their brief. Points 2, 3 and 5, supra, are mere abstract statements of law. Such general statements do not comply with Rule 1.08 (a) (3) and (d), and therefore do not present anything for review. Arnold v. Reorganized School Dist. No. 3, Mo.Sup., 289 S.W.2d 90; Holmes v. Simon, Mo.Sup., 287 S.W.2d 877, 878; Ambrose v. M.F.A. Co-Operative Ass'n of St. Elizabeth, Mo. Sup., 266 S.W.2d 647, a leading case; Berghorn v. Reorganized School Dist. No. 8, 364 Mo. 121, 260 S.W.2d 573, 580; Daugherty v. Maddox, 364 Mo. 240, 260 S. W.2d 732, 734; Gurley v. St. Louis Public Service Co., Mo.Sup., 256 S.W.2d 755, 756; Ensminger v. Stout, Mo.App., 287 S.W.2d 400, 406; Komosa v. Monsanto Chemical Co., Mo.App., 287 S.W.2d 374, 377; White v. Nelson, Mo.App., 283 S.W.2d 926, 927–928; Joseph v. Mutual Garage Co., Mo.App., 270 S.W.2d 137, 143; Bonnot v. Tackitt, Mo.App., 265 S.W.2d 748, 751. Although plaintiffs' "argument" covers seven pages, it does not refer to "any actions or rulings of the court * * * claimed to be erroneous"; and it does not state "why

it is contended the court was wrong in any action or ruling sought to be reviewed". In fact, plaintiffs' brief does not refer to any of the grounds relied on by defendant in his motion to dismiss. Arnold v. Reorganized School Dist. No. 3, supra. Furthermore, plaintiffs' statement of the facts is inadequate under Supreme Court Rule 1.08(a) (2) and (b).

The appeal should be dismissed, and the commissioner so recommends.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The appeal is dismissed.

All concur.