Mike ONKA, Respondent,

v.

Michael J. BUTKOVICH, Appellant.

No. 22466.

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1956.

George M. Hare, Independence, for appellant.

Stanley J. Siegel, Kansas City, for respondent.

PER CURIAM.

This is a proceeding contesting the election of the city marshal of Sugar Creek, Missouri, a city of the fourth class.

■ We are immediately confronted with a motion to dismiss the appeal on several grounds, the first of which is that appellant's brief violates Rule 1.08(a) (2), 42 V.A.M.S. Among other things, this rule requires an appellant's brief to contain "(2) A fair and concise statement of the facts without argument; * * *. (b) The fair and concise statement of the facts shall be in the form of a statement of the facts relevant to the questions presented for determination. * * * (c) The statement of the facts and the argument shall have specific page references to the transcript on appeal, * * *."

The "Statement of Facts" is so brief that we copy it in full: "The Defendant, Michael J. Butkovich, filed for the office of City Marshal in the City Primary of Sugar Creek, Missouri, on the Democratic ticket, January 23, 1955. Tony Novak was his opponent, Tony was defeated in the Democratic Primary. At the General Election a 'write-in' campaign was launched by supporters for Mike Onka. The Judges and Clerks appointed to serve at the General Election were appointed by Mayor Roper who is an open and avowed supporter of Mike Onka. The twelve good citizens of Sugar Creek that counted all the votes on election day returned the fact that Michael J. Butkovich was the winner by sixty-six (66) votes. This contest was filed."

Appellant concedes that the "Statement" does not "technically" comply with the rule. The violation is much more serious than a "technical" one. It fails completely to comply with the rule.

Appellate courts have been rather liberal in refusing to dismiss appeals for failure of appellant's brief to comply with the rules. For an array of cases on this subject, see Vol. 3, Mo.Dig., Appeal and Error, ☞ 766. However, after frequent warnings to the members of the bar, the courts have become more insistent that the rules be reasonably complied with. Ambrose v. M. F. A. Co-operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647, 648; Arnold v. Reorganized School Dist. No. 3, Mo., 289 S.W.2d 90; Fisher v. Lavelock, Mo.App., 290 S.W.2d 655. The opinion in the Ambrose case quotes with approval this principle: "If they [rules] are not to be obeyed, they should be done away with once for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it—the very ones it should not injure."

The appellant argues that even if his "Statement" is insufficient, nevertheless the respondent has waived such defect by supplying the deficiencies. Even if we should leniently so hold, it would avail appellant nothing for the reasons now discussed.

■ The second ground for dismissal is that appellant's brief violates Rule 1.08 (a) (3) and (d). This part of the rule provides that, "(3) The points relied on, which shall show what actions or rulings of the

Court are sought to be reviewed and wherein and why they are claimed to be erroneous, * * *.

"(d) The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule."

Appellant's Point I reads: "The trial court erred in overruling the motion of the defendant to dismiss." This point does not state or even indicate "wherein and why" the court erred in overruling a motion to dismiss *something*. We have examined appellant's *argument* of this point and find no reason assigned why the election contest petition did not state grounds for relief. The brief contains about two and one-half pages of quotation from Armantrout v. Bohon, Mo.App., 157 S.W. 530, but nowhere points out the application of that opinion to the petition filed in the instant proceeding. Point I preserves nothing for review. See citation supra, and Gorman v. Kauffman, Mo.App., 188 S.W.2d 70; McPike v. St. Louis County Bank, Mo.App., 193 S.W.2d 962; Clark v. Empire Trust Co., Mo., 248 S.W.2d 603.

■ Appellant's second point reads: "The trial court erred in counting the ballots in Exhibits I, II, III, IV, V, VI, VIII, IX, XI, XIV, for Mike Onka."

Appellant concedes that this point does not "technically" comply with Rule 1.08 quoted supra, but argues that when the "whole brief" is considered, it can be gathered that the principal issue is whether 91 contested ballots meet the requirements of Section 111.580 RSMo 1949, V.A.M.S.

■ On the question of the duty of the appellate court to search the whole brief to ascertain whether error has been committed, the court said in the Ambrose case, supra, 266 S.W.2d at page 651, "All that is required to comply with Rule 1.08 * * * is a concise statement of what the Court did that is claimed to be wrong and a concise statement of why it is contended the Court was wrong. The purpose of having this in the 'points relied on' is to tell the Court what the appellate issues are so it will know what the argument is about. * * * We should not be compelled to search through the briefs prepared and filed by counsel to try to determine wherein an indifferent counsel for appellant believes (or hopes) that the trial court prejudicially erred."

An appellate court should not be asked or required to grope through the transcript and briefs in search of possible errors of the trial court. The modern rules of appellate procedure are clear and simple and easily followed upon a cursory examination. If they are reasonably complied with, appeals will not be dismissed. However, in the instant case, there has been such a complete failure to properly present an issue for decision that we would be compelled to ignore the rules.

■ Notice of the filing of the motion to dismiss was given appellant on March 16, 1956, and no request was made by the appellant to this court for an opportunity to comply with the rules, which might have been granted if "good cause" was shown. Rule 1.15.

It follows from what has been said that the appeal should be dismissed. It is so ordered.