Harry E. BOOKS and Kate C. Books, Respondents.

v.

Sadonia ROBINSON, Appellant.

No. 22426.

Kansas City Court of Appeals.

Missouri.

Nov. 5, 1956.

D. M. Cuthbertson, Fulton, for appellant.

W. C. Whitlow, Fulton, for respondents.

BROADDUS, Judge.

This suit was instituted by plaintiffs, Harry E. and Kate C. Books, against defendant, Sadonia Robinson, to determine the boundary line between their adjoining lots in the City of Fulton, Missouri, and for trespass and damages. A jury was waived and the cause submitted to the court. At the conclusion of the evidence the court found the issues for plaintiffs, but "that there are no damages due to the plaintiffs." Defendant has appealed.

■ This being a suit to establish a boundary line, it does not so involve the title to real estate as to deprive this court of jurisdiction. Albi v. Reed, Mo.Sup., 281 S.W.2d 882.

Respondents filed a motion to dismiss the appeal on the ground appellant's brief fails to comply with Supreme Court Rule 1.08, 42 V.A.M.S. The motion was ordered taken with the case. This rule reads in part as follows: "(a) * * * The brief for appellant shall contain: * * * (3) The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and *wherein* and *why* they are claimed to be erroneous, with citation of authorities thereunder, * * * (4) An argument. •* * * (d) The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state *why* it is contended the Court was wrong in any action or ruling sought to be reviewed. *Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule."* (Italics supplied.)

■ Appellant has completely ignored the above rule. Her points are mere abstract statements of law without showing in any way how they pertain to this case.

The penalty for failure to comply with Rule 1.08 is dismissal or affirmance of the judgment, "unless good cause is shown or the interests of justice otherwise require." See Rule 1.15. Good cause is not shown. We are satisfied from our study of the briefs that the interests of justice do not require any different disposition of the case.

The following, among many other authorities, sustain respondents' motion to dismiss. Ambrose v. M. F. A. Co-operative Ass'n, Mo.Sup., 266 S.W.2d 647; Fisher v. Lavelock, Mo.Sup., 290 S.W.2d 655.

The appeal should be dismissed. It is so ordered. All concur.