Tedford P. LEWIS (Plaintiff), Respondent,

v.

O. WATKINS, d/b/a Watkins Contracting Company (Defendant), Appellant.

No. 29637.

St. Louis Court of Appeals.

Missouri.

Jan. 2, 1957.

Walter Wehrle, Thomas W. Wehrle and Wehrle & Wehrle, Clayton, for appellant.

Kappel & Neill and Walter S. Berkman, St. Louis, for respondent.

MATTHES, Judge.

In this action for damages a jury awarded plaintiff, respondent, $1,912.12, being the exact amount sued for. Following an unavailing motion for judgment in accordance with the motion for directed verdict or in the alternative for a new trial, defendant, appellant, appealed from the judgment rendered on the verdict.

Respondent alleged in his petition that he employed appellant as a subcontractor to do and perform the grading and excavating upon Lot 2 of Marhaba Park, known and numbered as 1741 Thursby Avenue, where respondent was constructing a dwelling house; that the appellant operated various mechanical grading and excavating equipment in a careless and negligent manner in close proximity to the building that respondent was erecting; that as a result of such negligent operation the entire basement walls and other structural parts of the building were damaged; that the cost of repairing the damage done to the building was $1,912.12, which amount had been demanded of appellant and payment had been refused. Attached to and made a part of the petition was a detailed statement of the amounts paid by respondent in repairing the building.

The issues were joined by appellant's answer, wherein he denied generally all of the allegations of respondent's petition, and incorporated a plea, in general terms, of contributory negligence on the part of respondent.

At the outset we are confronted with respondent's motion to dismiss the appeal. The motion is grounded on the failure of the points and authorities in appellant's brief to present any question for review, resulting .in a violation of Supreme Court Rule 1.08, 42 V.A.M.S.

Rule 1.08(a) (3) requires appellant's brief to contain, "The points relied on, which shall specify the allegations of error, with citation of authorities thereunder; * * *".

In Ambrose v. M. F. A. Co-Op. Ass'n, Mo., 266 S.W.2d 647, our Supreme Court En Banc, in clear, understandable, and emphatic language, announced the exact and precise meaning of Rule 1.08(a) (3). Members of the Bar continued, however, to violate the rule. See White v. Nelson, Mo. App., 283 S.W.2d 926, loc. cit. 928, and cases cited.

The instant case presents another clear violation of Rule 1.08(a) (3). The points and authorities appearing in appellant's brief are:

"I

"The trial court erred in overruling appellant's motion for a directed verdict at the close of plaintiff's case.

"II

"The trial court erred in overruling appellant's motion for a directed verdict at the close of all the evidence. (Citations.)

"III

"The trial court erred in overruling appellant's motion for judgment in accordance with his motion for directed verdict or in the alternative for a new trial.

"IV

"Instructions must be within the pleadings and evidence. Plaintiff's instruction No. 1 is broader than the pleadings and is not supported by the evidence. (Citations.)

"V

"It is a cardinal principle of law that the Court shall instruct only on issues made by the pleadings and supported by the evidence. (Citation.)

"VI

"The general rule is well established that an instruction on the whole case authorizing a verdict for plaintiff on primary negligence, but which ignores defendant's defense of contributory negligence supported by the evidence is prejudicial and erroneous." (Citations.)

Inasmuch as it has been clearly and expressly ruled that, even where error is assigned in the overruling of a motion for directed verdict, nothing is presented for review where, as here, no reason is specified in support of the point, Gurley v. St. Louis Public Service Co., Mo., 256 S.W. 2d 755, 756; State ex rel. P. W. Finger Roofing Co. v. Koch, Mo.App., 272 S.W.2d 22, 25; Lomax v. Sawtell, Mo.App., 286 S.W.2d 40, 43; Townsend v. Lawrence, Mo.App., 267 S.W.2d 489; State at inf. Dalton v. Taylor, Mo.App., 293 S.W.2d 12, 19, we must hold that Points I, II, and III appearing in appellant's brief are wholly insufficient.

It is equally apparent that Points IV, V, and VI failed to meet the requirements of the rule. Points V and VI constitute mere abstract declarations of law. Point IV is wholly insufficient to present an issue for consideration in that it fails to specify and designate wherein and in what respects instruction No. 1 is broader than the pleadings and is not supported by the .evidence. Kleinschmidt v. Globe-Democrat Publishing Co., 350 Mo. 250, 165 S.W.2d 620; Ambrose v. M. F. A. Co-Op. Ass'n, supra; White v. Nelson, supra; Berghorn v. Reorganized School Dist. No. 8, Franklin County, 364 Mo. 121, 260 S.W.2d 573; State ex rel. State Highway Commission v. Schade, Mo.App., 271 S.W.2d 196.

Prior to the Ambrose case, decided in April, 1954, the appellate courts had been very lenient in their enforcement of the penalty of dismissal for failure to comply with the rule here invoked. The court therein, and in numerous subsequent cases, admonished the Bar that obedience to this rule will be enforced. Enforcement thereof will not lead to arbitrariness or injustice. " 'The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. *If they are not to be obeyed, they should be done away with once and for all.* A just rule, fairly interpreted and enforced wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it— the very ones it should not injure. If the rules in question stand for something and are ever to be enforced, they should be put in motion in this case.' Sullivan v. Holbrook, 211 Mo. 99, loc. cit. 103–104, 109 S.W. 668, 670. (Italics ours.)" Ambrose v. M. F. A. Co-Op. Ass'n, supra, 266 S.W. 2d loc. cit. 648.

■ Being mindful of our authority to consider "errors affecting substantial rights", although not properly preserved for review so as to prevent a "manifest injustice or miscarriage of justice", Supreme Court Rule 3.27, we have made a painstaking examination of the whole record. Our study suggests nothing to justify application of the rule. Reluctant as we are to resort to dismissal, we find no good reason why such action should not be taken herein. White v. Nelson, supra; Schoenhals v. Pahler, Mo., 272 S.W.2d 228; Repple v. East Texas Motor Freight Lines, Mo., 289 S.W.2d 109; Arnold v. Reorganized School District No. 3, Mo., 289 S.W.2d 90; Fisher v. Lavelock, Mo.App., 290 S.W.2d 655, and Ambrose v. M. F. A. Co-Op. Ass'n, supra.

It follows that respondent's motion to dismiss appellant's appeal should be sustained, and the appeal dismissed. It is so ordered.

ANDERSON, P. J., and CLEMENS, Special Judge, concur.