Lloyd **BEELER**, Leona Beeler, Russell Crawford and Elsie Crawford, Plaintiffs-Respondents,

v.

**BOARD OF ADJUSTMENT OF CITY OF JOPLIN**, Missouri, Defendant-Appellant.

No. 7512.

Springfield Court of Appeals.

Missouri.

Jan. 29, 1957.

Coyne & Patten, Joplin, for defendant-appellant.

Seiler, Blanchard & Van Fleet, Joplin, for plaintiffs-respondents.

STONE, Judge.

This is an appeal by the Board of Adjustment of the City of Joplin, Missouri, from a judgment of the Circuit Court of Jasper County, Missouri, which set aside an order of the Board "that an exception be granted to the present zoning of 1012 West Nineteenth Street for non-conforming use" as a diaper service laundry, because such order had been entered without "due notice to the parties in interest," as required by Section 89.100, R.S.Mo 1949, V.A.M.S., and Section 23 of the Zoning Ordinance of Joplin. The case has been submitted to us on defendant's-appellant's brief which, un-

der "Points and Authorities," contains the single abstract statement, "Certiorari does not lie to review legislative acts," followed by the citation of one case, State ex rel. Manion v. Dawson, 284 Mo. 490, 225 S.W. 97, in which the record of a circuit court in a proceeding for extension of boundary lines of a drainage district was reviewed.[1]

Supreme Court Rule 1.08(a) requires that appellant's brief *"shall* contain," among other things, "(t)he points relied on, which *shall* show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citation of authorities thereunder," and Rule 1.08(d) repeats, emphasizes and amplifies this requirement. Long prior to 1954, our Supreme Court had condemned abstract statements of law whose applicability to the case under consideration was not shown;[2] but in the amendment of Rule 1.08 on April 12, 1954, the date on which the landmark case of Ambrose v. M.F.A. Co-Operative Ass'n, Mo., 266 S.W. 2d 647, was handed down, there was added in paragraph (d) a specific warning in clear and unequivocal terms that "(s)etting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule."

In the application of Rule 1.08, as thus amended, numerous recent cases (only a few of which are collected marginally)[3] have reiterated the now threadbare and trite proposition that abstract statements of law under "Points Relied On" preserve and present nothing for appellate review; and, every appellate court in Missouri, *excepting only this one,* has found it appropriate and necessary to enforce this rule by dismissal of appeals.[4] Although continuing to brief points which have had incomplete and inadequate treatment by apparently indifferent counsel, we have sounded blunt warnings that our failure to impose the justified penalty of dismissal should not be regarded as an indication that the same policy of condonation would be pursued indefinitely [Songer v. Brittain, Mo.App., 272 S.W.2d 16, 18], and that counsel must assume the not inconsiderable risk incident to reliance upon the court's indulgence. Steckler v. Steckler, Mo.App., 293 S.W.2d 129, 131.

■ The provisions and requirements of Rule 1.08 "are clear and simple and easily followed upon a cursory examination" [Onka v. Butkovich, Mo.App., 294 S.W.2d 357, 359], and "(o)bedience * * * calls for no cryptic or unique legal discernment or technique." White v. Nelson, Mo.App., 283 S.W.2d 926, 928. However, this rule plainly contemplates "a particularization in statement of the points relied upon and the citation of authorities to the specific point

---

1. For the distinguishing characteristics of a certiorari proceeding to review an order of a board of adjustment, see Hernreich v. Quinn, 350 Mo. 770, 779, 168 S.W.2d 1054, 1059.

2. Kleinschmidt v. Globe-Democrat Pub. Co., 350 Mo. 250, 165 S.W.2d 620, 623 (2), and cases there cited; Clark v. Empire Trust Co., Mo., 248 S.W.2d 603; Berghorn v. Reorganized School Dist. No. 8, 364 Mo. 121, 260 S.W.2d 573, 580(3).

3. *St. Louis Ct. of App.*—Thrasher v. Allen Estate, Mo.App., 291 S.W.2d 630, 632 (2); Komosa v. Monsanto Chemical Co., Mo.App., 287 S.W.2d 374, 377(6); State ex rel. Rueseler Motor Co. v. Klaus, Mo.App., 281 S.W.2d 543, 545(1); Dansker v. Dansker, Mo.App., 279 S.W.2d 205. 209(4); State ex rel. State High-

way Commission v. Schade, Mo.App., 271 S.W.2d 196, 198(1). *Kansas City Ct. of App.*—Geary v. Geary, Mo.App., 277 S.W.2d 327, 328(3); Farmer v. London & Lancashire Ins. Co., Mo.App., 274 S. W.2d 517, 520(1). *Springfield Ct. of App.*—Cook v. Bolin, Mo.App., 296 S.W. 2d 181, 185(7).

4. *Supreme Court*—Repple v. East Texas Motor Freight Lines, Mo., 289 S.W.2d 109; Arnold v. Reorganized School Dist. No. 3, Mo., 289 S.W.2d 90, 92. *St. Louis Ct. of App.*—White v. Nelson, Mo.App., 283 S.W.2d 926; Caldwell v. First National Bank of Wellston, Mo.App., 283 S.W.2d 921, 925(10). *Kansas City Ct. of App.*—Books v. Robinson, Mo.App., 295 S.W.2d 580; Fisher v. Lavelock, Mo.App., 290 S.W.2d 655.

to which they apply"; [5] and, as has been said time and again, it is appellant's responsibility to point out distinctly the error alleged to have been committed by the trial court, to show that appellant was prejudiced by the rulings complained of, and to designate where such rulings may be found in the transcript.[6]

■ We have no license or right to seine through the statement of facts [7] or the argument [8] in an effort to ascertain the contentions on which appellant relies, for it is settled that a point not made in the manner prescribed by Rule 1.08 should not be considered on appeal.[9] And if, in the instant case, we nevertheless should undertake to seize upon certain statements of counsel as "points relied on," such points would come to us without citation of authorities and would leave us with the alternative of briefing the "points" ourselves, which it is neither our function nor our duty to do,[10] or of ruling them on the not altogether trustworthy or approved basis of our recollection of what the prior case law has been or our judgment of what it should have been. Since plaintiffs'-respondents' counsel have filed nothing, a practice neither helpful nor commendable [Mannon v. Frick, Mo., 295 S.W.2d 158, 161], determination of the instant appeal on its merits would necessitate our discharge of not only our judicial function but also the conflicting duties of counsel for the opposing parties, thus forcing us into a chameleon-like status and a triple role, which it never has been contemplated that our appellate courts should, or for that matter properly could, assume.

All of this is not to indicate an inflexible, arbitrary and overbearing purpose to demand faultless perfection in briefs filed in this court, for we are not unmindful that the rules of appellate procedure are to "be liberally construed to promote justice * * * and to facilitate and increase the disposition of cases on their merits." Supreme Court Rule 1.28. But, liberal construction does not justify complete disregard of Rule 1.08 [Peterson Co. v. Landes, Mo.App., 280 S.W.2d 857, 859(3)]; and, concerned (as we are) that any appeal should ride off short of its merits, we nevertheless have been driven, unwillingly and reluctantly, to the conclusion that we, too, must impose the drastic penalty of dismissal in those instances, such as this, where there obviously has been no serious effort to comply substantially with the plain provisions of Rule 1.08. "If (rules) are not to be obeyed, they should be done away

5. Wipfler v. Basler, Mo., 250 S.W.2d 982, 985(4); Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 245 S.W.2d 96, 102(11); Lomax v. Sawtell, Mo.App., 286 S.W.2d 40, 42(4). See also Mannon v. Frick, Mo., 295 S.W.2d 158, 166(16); Daugherty v. Maddox, 364 Mo. 240, 260 S.W.2d 732, 734(1).

6. Schoenhals v. Pahler, Mo., 272 S.W.2d 228, 230(6); Gelhot v. Stein, Mo., 174 S.W.2d 174, 175; Kleinschmidt v. Globe-Democrat Pub. Co., supra, 165 S.W.2d loc. cit. 624(3); Metropolitan Properties Co. v. Rideout, 346 Mo. 787, 142 S.W.2d 1055, 1056(4); McFarland v. St. Louis Cab Co., Mo.App., 282 S.W.2d 861, 862 (1).

7. Lammers v. Greulich, Mo., 262 S.W.2d 861, 864(6).

8. Belveal v. H. B. C. Development Co., Mo.App., 279 S.W.2d 545, 552; Baker v. Atkins, Mo.App., 258 S.W.2d 16, 22 (17). See also Scott v. Missouri Pac. R. Co., 333 Mo. 374, 62 S.W.2d 834, 840 (18); Burch v. Cleveland, C. C. & St. L. Ry. Co., 328 Mo. 59, 40 S.W.2d 688, 693(10).

9. Sykes v. Stix, Baer & Fuller Co., Mo. App., 238 S.W.2d 918, 920(6); Jones v. Giannola, Mo.App., 252 S.W.2d 660, 663(6); Knight v. Calvert Fire Ins. Co., Mo.App., 268 S.W.2d 53, 55(6); Winkel v. Streicher, Mo.App., 287 S.W.2d 389, 394(12).

10. Ambrose v. M.F.A. Co-Operative Ass'n, Mo., 266 S.W.2d 647, 651; Block v. Holly, Mo.App., 106 S.W.2d 963, 965. See also Lansford v. Southwest Lime Co., Mo., 266 S.W.2d 564, 565(1); Merrick v. Bridgeways, Inc., 362 Mo. 476, 241 S.W. 2d 1015, 1019(7); Atkinson v. Coca-Cola Bottling Co., Mo.App., 275 S.W.2d 41, 46(5); Wattson v. James B. Welsh Realty & Loan Co., Mo.App., 266 S.W.2d 35, 37(2).

**484**

with once for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it—the very ones it should not injure." [11]

Since careful examination of the record before us discloses nothing which calls for application of Supreme Court Rule 3.27, defendant's appeal should be dismissed for failure to comply with Rule 1.08. It is so ordered.

McDOWELL, P. J., and RUARK, J., concur.

11. Sullivan v. Holbrook, 211 Mo. 99, 104, 109 S.W. 668, 670; Ambrose v. M.F.A. Co-Operative Ass'n, supra, 266 S.W.2d loc. cit. 648; Peterson Co. v. Landes, Mo.App., 280 S.W.2d 857, 859; Onka v. Butkovich, Mo.App., 294 S.W.2d 357, 358.